[Civ. No. 15608. Second Dist., Div. Two. Dec. 12, 1946.]

GEORGE W. BOSSERMAN, Appellant, v. LESTER D. OLMSTEAD, Respondent.

238

David Sokol and John W. Rice for Appellant.

Jennings & Belcher for Respondent.

McCOMB, J.—This is an appeal from a judgment in favor of defendant after trial before a jury in an action to recover damages for personal injuries sustained by plaintiff, a pedestrian, when struck by defendant's automobile.

The evidence being viewed in the light most favorable to the defendant (respondent) and pursuant to the rules set forth in *Estate of Isenberg*, 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the essential facts are:

On April 1, 1945, about 8:00 p. m., plaintiff was walking southerly across Colorado Street in Pasadena and at the same time defendant's automobile was proceeding in an easterly direction on that street. Defendant's automobile struck plaintiff at a point outside of any crosswalk, causing him serious injuries.

There are three questions necessary for us to determine which will be stated and answered hereunder consecutively.

■ First: *Did the trial court err in refusing to instruct the jury as follows?*

(1) "*You are instructed that the defendant has pleaded as one of his defenses that the plaintiff was guilty of contributory negligence, that is to say that plaintiff was guilty of some negligence which proximately contributed to the accident and his injuries. The law does not place the burden of disproving this upon the plaintiff. In other words, the plaintiff does not have to prove that he was not guilty of contributory negligence. But the law does place the burden upon the defendant to prove that the plaintiff was guilty of negligence and that such negligence proximately contributed to the accident and his injuries. Defendant must prove this by a preponderance of the evidence, that is, evidence that overweighs or over-balances the evidence against it. Therefore, if the preponderance of the evidence is that the plaintiff was not guilty of any negligence, or that even if guilty of some negligence that such negligence, if any, did not contribute to the accident or his injuries, then your finding on the issue of contributory negligence must be in favor of the plaintiff, that is to say, that the plaintiff was not guilty of contributory negligence.*"

The refusal to give the foregoing instruction was not error for the reason the principles of law involved therein were given to the jury in other instructions set forth at pages 40 and 29, volume II, Reporter's Transcript. In the first of these instructions the trial judge informed the jury that defendant alleged contributory negligence, and that this allegation made it an issue in the case and required the court to give instructions thereon. In the second of the instructions the judge told the jury that the party who asserts the affirmative of an issue carries the burden of proving it; that if no evidence was given by either side on such issue, their finding as to it would have to be against that party and also instructed them upon the preponderance of evidence rule. Thus it appears that these two instructions told the jury that it was defendant who had pleaded contributory negligence and that the burden was on him to prove the same by a preponderance of the evidence, and that if the evidence was evenly balanced in the matter, the finding would have to be against the defendant. The subject matter of the above instruction was therefore fully covered by instructions given by the trial court,

and it was unnecessary for the judge to repeat the substance of such instructions in other words.

■ (2) *"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril, arising from either the actual presence, or the appearance, of imminent danger to himself or to others, is not expected, nor required, to use the same judgment and prudence that is required of him, in the exercise of ordinary care, in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. (If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although, in the light of after-events, it should appear that a different course would have been better and safer.)"*

The refusal to give this instruction was correct for the reason that there is nowhere in the record any evidence that plaintiff either knew or thought that he was in peril, nor is there any testimony that he did anything assuming that he was in peril. It is argued by plaintiff that *defendant* testified that he saw a westbound car swerve to the north, and then the speculation is indulged that maybe the plaintiff took some sudden action to avoid being struck thereby which brought him into the path of defendant's car. The fallacy in this argument is that there is no evidence whatsoever upon which it can be based. There is no evidence that the *plaintiff* saw or heard that car or that plaintiff took any sudden action of any kind, or that he knew, or thought that he was in any peril, or that he moved forward, or moved at all because of such swerving car. There is no evidence that plaintiff at any time felt that he was in danger or did anything by reason of any such alleged danger.

*Off* v. *Crump*, 40 Cal.App. 173 [180 P. 360], cited by plaintiff, is not in point since such case does not deal with the doctrine of imminent peril.

■ (3) *"You are instructed that the fact that one voluntarily assumes a certain degree of risk is not conclusive of negligence. In these days of rapid transit and congested traffic, every person who crosses a busy street takes chances and serious ones. The question is, are they greater than is reason-*

*ably necessary to meet the ordinary requirements of business or even pleasures?*

*"It cannot be said that a person is guilty of contributory negligence because he attempts to cross a street when an automobile is approaching. All that is required on a given occasion of a pedestrian in attempting to cross a street is to exercise ordinary care [sic] of his sense of sight and hearing to observe oncoming cars. It is not negligence to attempt to cross in front of an approaching vehicle if it is at such a distance away that an ordinarily prudent person would believe he could make such crossing in safety, although it may afterward appear by evidence that a different course of conduct would have been safer on his part."*

The trial court properly refused the foregoing instruction for the reason it contained an inaccurate statement of the law. The third sentence of the instruction reading, ''The question is, are they greater than is reasonably necessary to meet the ordinary requirements of business or even pleasures?'' was clearly an erroneous statement of the law. The court correctly defined negligence as the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, actuated by those considerations which ordinarily regulate the conduct of human affairs. The sentence which we have quoted from the instruction departs from this rule of law and tells the jury that the real question is not whether a pedestrian was at all times exercising ordinary care but whether what he did was reasonably necessary to meet the ordinary requirements of business or even pleasure. This is far different from telling the jury that the question at issue was whether the plaintiff was at all times exercising ordinary care. From the sentence in question, the jury could well conclude that if the plaintiff thought it was reasonably necessary for him to go across the street at the time he did in order that he might reach the restaurant at which he expected to obtain a meal, then it was all right for him to cross the street no matter what the circumstances and no matter what chances he took and no matter whether he was exercising ordinary care or not. This sentence was plainly misleading and was an incorrect statement of the law.

(4) *"You are instructed that general human experience supports the inference that when one looks in the*

242

*direction of an object clearly visible, he or she sees it. When there is evidence to the effect that one did look, but did not see that which was in plain sight, it follows that either there is an irreconcilable conflict in such evidence or the person was negligently inattentive."*

There was no error in the refusal to give such instruction since the court gave substantially the same instruction at the request of defendant. The only difference between the instructions requested by plaintiff and defendant is that in the instruction requested by plaintiff the reference to hearing was eliminated. It was not erroneous to include in such statement that when one "listens, he hears that which is clearly audible." Such instruction was a correct statement of the law and applicable to the facts in the instant case for the reason that it is common knowledge that automobiles make some noise when traveling through a thoroughfare.

■ (5) *"You are hereby instructed that a pedestrian lawfully and carefully using a street has the right to assume that all other persons using the street will also use ordinary care and caution. This rule allows pedestrians to assume that motor vehicle drivers will obey and abide by the traffic rules and regulations.*

*"If plaintiff, George W. Bosserman, was crossing the street in a marked or an unmarked crosswalk, and was exercising ordinary care, then he had the right to assume that defendant, Olmstead, would obey the traffic laws and would yield the right of way to him. He also had the right to assume that defendant, Olmstead, would keep a vigilant lookout for him and discover his presence in the crosswalk in sufficient time to yield the right of way, for it was the said defendant's legal duty to know whether pedestrians were using the crosswalk."*

Failure to give this instruction was correct. All the matter contained therein was covered by other instructions of the court to the jury with the exception of the rule stated in the last sentence of the instruction. This sentence does not contain an accurate statement of the law for the reason that it is only when the plaintiff is himself exercising ordinary care that he has a right to assume or expect that others will also obey the law and exercise ordinary care. Since the last sentence does not contain this qualification, the instruction was incorrect.

■ (6) *"A person who, himself, is exercising ordinary care has a right to assume that others, too, will perform their duty under the law, and he has a further right to rely and*

*act on that assumption. Thus, it is not negligence for such
a person to fail to anticipate injury which can come to him
only from a violation of law or duty by another. However,
an exception should be noted: the rights just defined do not
exist when it is reasonably apparent to one, or in the exercise
of ordinary care would be apparent to him, that another is
not going to perform his duty. (One is not justified in ignor-
ing obvious danger although it is created by another's miscon-
duct, nor is he ever excused from exercising ordinary care.)"*

The refusal to give this instruction was not error for the
reason that the substance of the requested instruction was
given through other instructions.

 Second: *Did the trial court err in giving the follow-
ing instruction after modifying the instruction by inserting
the word "if" in the first sentence thereof?*

*"You are instructed that if it was the duty of the defendant,
Olmstead, to anticipate that he might meet persons or vehi-
cles at any point on the highway, and he must, in order to
avoid a charge of negligence, keep a proper lookout for them
and use due care to keep his machine under such control as
would enable him to avoid a collision with another person or
vehicle using due care and caution, and if the situation re-
quires it, he must slow up and stop. If you find that the de-
fendant, Olmstead, failed to use that care and that such failure
was the sole proximate cause of the injuries sustained by
plaintiff, George W. Bosserman, then you must find damages
in favor of the plaintiff and against the defendant, Olmstead."*

The modification of the instruction, though erroneous, did
not constitute *prejudicial error*. The substance of the in-
struction is contained in that portion of it beginning with
the words "and he must, in order to avoid a charge of neg-
ligence, keep a proper lookout," etc. By this main portion
of the instruction the jury was told that the defendant must,
in order to avoid a charge of negligence, keep a proper lookout
for persons or vehicles at any point in the highway so as to
avoid a collision, and if the situation required it, he must
slow down and stop. They were further told that if the de-
fendant Olmstead failed to use that care, and any such failure
was the sole, proximate cause of the injuries, then they must
find damages in favor of plaintiff. This was the substance
of the instruction.

Clearly, the jury was not misled by the improper modifi-
cation of the instruction and under article VI, section 4½

of the Constitution since such error was not prejudicial to plaintiff it must be disregarded by this court.

Third: *Did the trial court commit prejudicial error in giving the following instruction?*

"*You are instructed that where the evidence is as consistent with neglect of duty or care on the part of the plaintiff as it is with the neglect of duty or care on the part of the defendant, then plaintiff cannot recover for his damages.*"

The foregoing instruction was correct. (*Sheldon* v. *James*, 175 Cal. 474, 480 [166 P. 8, 2 A.L.R. 1493] ; *Morris* v. *Morris*, 34 Cal.App. 599, 602 [258 P. 616] ; *Straten* v. *Spencer*, 52 Cal.App. 98, 108, 110 [197 P. 540].)

Since no error appears in the record, the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 6, 1947. Edmonds, J., and Carter, J., voted for a hearing.