[Civ. No. 20235. Second Dist., Div. Three. Nov. 17, 1954.]

JAMES R. BATCHELOR, Appellant, v. PAUL P. CASLAVKA et al., Defendants; JACK AND PAUL BUTANE SERVICE, INC. (a Corporation) et al., Respondents.

---

Joseph Lewis for Appellant.

Syril S. Tipton and John R. Allport for Respondents.

VALLÉE, J.—Appeal by plaintiff from an adverse judgment entered on a verdict of a jury in an action for damages for personal injuries.

The accident occurred about 10:30 a. m. on July 11, 1949, on Mayflower Street in the county of Los Angeles. The pavement on Mayflower was between 22 and 24 feet wide. The area was residential. Plaintiff, driving a Ford truck, entered Mayflower at its intersection with Duarte Road and went south. When he entered Mayflower there were two vehicles ahead of him going south: a butane truck which was a block and a half away, and an automobile which was following the truck. Plaintiff attained a speed of 30 miles an hour, went to the left side of the road, passed the automobile, slowed down and went to the right side of the road. When he did so the butane truck and the automobile were 75 to 100 feet apart. Plaintiff moved out to the left side of the road to cut around the butane truck and increased his speed. During this time the butane truck slowed down from 15 to between 5 and 10 miles an hour, when it made a left turn and collided with plaintiff's truck. Plaintiff did not give a horn signal.

The driver of the butane truck testified his truck was 6 to 7 feet wide; when he was 90 to 100 feet from the point of the collision he looked in his rear mirror and saw plaintiff's truck behind another car from 350 to 500 feet away; his truck was equipped with a signaling device which he extended horizontally when he was 90 feet away from his turn; plaintiff's speed in attempting to pass him was 45 to 50 miles an hour; the impact was at the left front wheel of his truck; the signal arm was "tore off"; after the impact plaintiff's truck traveled 100 feet.

■ Plaintiff first says the evidence was insufficient to support the verdict. The point is manifestly without merit. It may reasonably be inferred from the evidence that the driver of the butane truck was not negligent and that plaintiff was negligent. The jury may well have concluded that the road was relatively narrow; that plaintiff did not watch the butane truck sufficiently; and that he traveled alongside the truck in an attempt to overtake it at an excessive rate of speed. It could have concluded that plaintiff violated section 510 of the Vehicle Code which provides: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property." It could also have concluded that he violated section 671 of the Vehicle Code which in part provides: "The driver of a

motor vehicle when reasonably necessary to insure safe operation shall give audible warning with his horn."

Plaintiff called the driver of the butane truck as a witness under section 2055 of the Code of Civil Procedure. On doing so he requested the court to inform the jury as to the meaning of section 2055. The court stated: "All the jury need be concerned with is he may cross-examine the witness; that whether the witness is called under 2055 or otherwise, why, his testimony is before the jury to be considered with all the other testimony in the case. You may proceed." Plaintiff asserts the court erred in making the statement. He says the testimony of the driver was not binding on him. There was no error. ■ Section 2055 does not mean that the testimony of an adverse witness may not be given its proper weight. It merely means that the party calling such witness shall not be precluded from rebutting his testimony or from impeaching the witness; such testimony is to be treated as though given on cross-examination. ■ This rule, of course, does not apply on a motion for a judgment of nonsuit or for a directed verdict; it does apply when the cause is submitted after a trial on the merits. Once such testimony is before the court after a trial on the merits it is substantive evidence in the case for all purposes to which it is relevant, including contradiction of the plaintiff and the plaintiff's witnesses. (See cases collected 21 West's Cal. Dig. 674, § 591.)

■ When called under section 2055, the driver of the butane truck was asked: "Now, from the time you looked in the rearview mirror up until the time of the impact, you didn't look any more?" He answered: "No, I shifted down into second gear and on the gas and slowed down, and put up my arm signal." Counsel for plaintiff then stated: "We will ask the answer be stricken as not responsive to the question, your Honor." The request was denied. Plaintiff says the court erred in not striking the part of the answer which was not responsive to the question. The motion was to strike the entire answer, not the part that was nonresponsive. The motion was properly denied. (*Rose* v. *State of California*, 19 Cal.2d 713, 742 [123 P.2d 505, 522].)

■ The court refused to give the jury the standard instruction on imminent peril requested by plaintiff.[1] Plaintiff

---

[1]The instruction reads: "A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril, arising from either the actual presence, or the appearance, of imminent danger to

claims error. It was not error to refuse the instruction. There is no evidence in the record that plaintiff either knew or thought he was in peril, and there is no evidence that he did anything assuming that he was in peril. Plaintiff testified that the first he knew the driver of the butane truck was going to turn "was almost instantaneous with the impact"; that the driver turned suddenly into him. In *Bosserman* v. *Olmstead*, 77 Cal.App.2d 236 [175 P.2d 49], it was contended the trial court had erred in refusing to give this identical instruction. The court held (p. 240): "The refusal to give this instruction was correct for the reason that there is nowhere in the record any evidence that plaintiff either knew or thought that he was in peril, nor is there any testimony that he did anything assuming that he was in peril. . . . There is no evidence that plaintiff at any time felt that he was in danger or did anything by reason of any such alleged danger."

■ An instruction should be given only when it is applicable to the issues made by the pleadings or it is pertinent to some issue or theory developed by the evidence. (*Leo* v. *Dunham*, 41 Cal.2d 712, 714 [264 P.2d 1].)

■ Plaintiff also contends the court erred in refusing to give several other instructions. The point is made by merely stating that the court was in error in refusing such instructions, giving the numbers of them. No argument is forthcoming nor is any attempt made to show wherein there was error. In those circumstances a reviewing court will not consider the points. ■ An appellant must show error resulting in prejudice.

The case was well and fairly tried. The jury was fully, fairly, and accurately instructed on all principles of law applicable to the evidence. There is no merit in any of the assignments of error.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

himself or to others, is not expected, nor required, to use the same judgment and prudence that is required of him, in the exercise of ordinary care, in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by an ordinarily prudent person under the same conditions, he does all the law requires of him, although, in the light of after events it should appear that a different course would have been better and safer."