**Joseph LoCICERO and Dot'l Enterprises, Inc., Plaintiffs,**

v.

**HUMBLE OIL & REFINING COMPANY, Defendant.**

**Civ. A. No. 69–2124.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Jan. 18, 1971.

See also D.C., 319 F.Supp. 1133.

Jerry A. Brown, Richard W. Bussoff, New Orleans, La., for plaintiffs.

Bernard J. Caillouet, Lancelot P. Olinde, Francis J. Mooney, Jr., New Orleans, La., William Simon, Washington, D. C., for defendant.

RUBIN, District Judge:

Rule 42(b) of the Federal Rules of Civil Procedure authorizes the court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy" to order a separate trial of any issues involved in a suit. The rule therefore permits a separate trial to be ordered merely "in furtherance of convenience," or to achieve "expedition and economy." Of course, neither convenience nor economy is the ultimate objective: "[A] paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience of witnesses must yield thereto." Baker v. Waterman, S.D.N.Y. 1951, 11 F.R.D. 440, 441, quoted with approval in Moss v. Associated Transport Inc., 6 Cir. 1955, 344 F.2d 23.

The issue involved in this anti trust suit is whether there should be a trial of the issue of liability alone, on a general verdict, perhaps accompanied by special interrogatories, with a trial on damages to follow only if there is a verdict for the plaintiff. This creates a slightly different problem from the one presented when the court considers the advisability of a separate trial on one of several different issues of liability—an area where, as Professor Moore points out, a single trial is generally preferable. 4

Moore, Federal Practice, § 42.03. See also the comprehensive discussion of that type of separate trial by Chief Judge Delehant in Eichinger v. Fireman's Fund, D.C.Neb.1957, 20 F.R.D. 204. The notes of the Advisory Committee, which adopted an amendment to Rule 42(b) in 1966, point out:

"In certain suits in admiralty separation for trial of the issues of liability and damages (or of the extent of liability other than damages, such as salvage and general average) has been conducive to expedition and economy, especially because of the statutory right to interlocutory appeal in admiralty cases (which is of course preserved by these rules). *While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth.* Cf. Weinstein, Routine Bifurcation of Negligence Trials, 14 Vand.L.Rev. 831 (1961).

"In cases (including some cases within the admiralty and maritime jurisdiction) in which the parties have a constitutional or statutory right of trial by jury, separation of issues may give rise to problems. See, e. g., United Air Lines, Inc. v. Wiener, 286 F.2d 302 (9th Cir. 1961). Accordingly, the proposed change in Rule 42 reiterates the mandate of Rule 38 respecting preservation of the right to jury trial." (Emphasis supplied.)

The Fifth Circuit Court of Appeals has expressly approved the trial of the issue of liability separate from the damage issue in a patent case. Swofford v. B & W, Inc., 1964, 336 F.2d 406. This court itself has long held such trials in both admiralty cases and patent cases, as well as in personal injury cases. Such a division is not universally advisable but it frequently does permit trial of the issues with greater clarity and fairness, often with greater economy and convenience. While counsel must prepare the entire case, damage witness-

es need not be called until a determination of liability is made. Jurors need not hear evidence on damages until it reaches the decision that they are due, and damage and liability questions are not confused.

Barron & Holtzoff (Wright edition) Volume 2B, § 943 observes that in reaching a decision on this question,

> "It is the interest of efficient judicial administration which is to be considered, rather than the wishes of the parties."

The authors further state:

> "If a separate trial of part of the issues may make unnecessary the trial of other issues it is only reasonable to follow the course which saves the time of the court and reduces the expenses of the parties. For example, if it appears that a trial of the issue of damages will be difficult and expensive, the issue of liability may first be tried."

Here there are complicated questions of fact to be submitted to the jury under involved instructions relating to the application of the Sherman and Clayton Acts. The jury may or may not reach a verdict for plaintiffs. There are sharp factual and legal disputes concerning the quantum of damages if a verdict is reached. Hence the trial of the issue of damages at the same time as that of liability would lengthen the trial and involve complex additional jury instructions. If the issues are separated, some witnesses may be called twice. But the testimony concerning quantum of damages is readily separable from what may concern liability. And since, in any event if a verdict for plaintiff is rendered, the same jury will immediately thereafter try the issue of damages, it will not be necessary to repeat any testimony.

At least one court has adopted a standing rule calling for separate trial of the issue of damages from the issue of liability in personal injury cases. Local Rule 21, Northern District of Illinois. The validity of this rule was sustained in Hosie v. Chicago & N. W. R. Co., 7 Cir. 1960, 282 F.2d 639, cert. denied 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed. 2d 693. While there has been some criticism of adopting such a procedure by way of court rule, there seems to be general doctrinal support for taking such action in each case where it is appropriate. See Note, Separate Trial of a Claim or Issue in Modern Pleading, Rule 42(b) of the Federal Rules of Civil Procedure, 1955, 39 Minn.L.Rev. 743, 760.

The procedure of splitting trial of the issue of liability from the issue of damages and the effect of this bifurcation has been carefully studied. Zeisel and Callahan, Split Trials and Time Saving: A Statistical Analysis, 1963, 76 Harvard 1606. These authors conclude, after a study of 248 regular trials and 341 separated trials in Chicago, "Separation of issues will save, on the average, about 20 per cent of the time that would be required if these cases were tried under traditional rules." Other writers have reviewed various other aspects of that type of severance. See Schwartz, Severance—A Means of Minimizing the Role of Burden and Expense in Determining the Outcome of Litigation, 1967, 20 Vanderbilt L.Rev. 1196; Note (1962), Original Separate Trials on Issues of Damages and Liability, 48 Virginia L. Rev. 99; Note (1962), Separate Trials on Liability and Damages in "Routine" Cases: A Legal Analysis, 46 Minnesota L.Rev. 1060.

The separate trial of the damages issue is not conventional, but obviously it is neither novel nor heretical. This case has already been carefully prepared; the court is familiar with all of the issues. Separation of the damages issue promises convenience, potential economy, clearer jury understanding of the issues, less embracive closing arguments, a shorter jury charge at each stage of the

trial. In my opinion, in this case, a separate trial will also be a fairer trial. For these reasons, the motion to allow a separate trial is granted.