523 P.2d 1320

**Murray WOODS and Rosalie Woods, husband and wife, Appellants and Cross-Appellees,**

v.

**Glen HARKER and Joan Harker, husband and wife, Appellees and Cross-Appellants.**

**No. I CA–CIV 2048.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 20, 1974.

Rehearing Denied July 22, 1974.

Jennings, Strouss & Salmon by W. Michael Flood, Phoenix, for appellants and cross-appellees.

Bellamak & Mitchell by Ferris W. Bellamak and T. W. Shumway, Scottsdale, for appellees and cross-appellants.

## OPINION

HAIRE, Presiding Judge.

Both the plaintiffs and the defendants have appealed from an order entered by the trial court granting plaintiffs' motion for a new trial. The defendants contend that plaintiffs' motion for new trial should not have been granted. The plaintiffs, in turn, have questioned the correctness of that portion of the trial court's order which requires that on retrial, the issue of defendants' liability be separated and tried before the issue of damages. On the facts here presented, we hold that the trial court

properly granted the plaintiffs' motion for new trial, and did not abuse its discretion in separating the issues of liability and damages on retrial.

The facts necessary for our determination are as follows. The plaintiffs (husband and wife) were injured as the result of the capsizing of a boat in which they were passengers. The boat was owned by the defendants (husband and wife), and at the time of the accident was being operated by the defendant-wife. At trial, the plaintiffs sought to prove that at some time prior to the accident, a small object became lodged against the stabilizing fins on the boat's hull, thus reducing the boat's stability and causing it to capsize. Plaintiffs further alleged that the existence of this condition was evidenced by unusual or excessive spray entering the boat, and that the defendant-wife was aware or should have been aware of this abnormal condition, but failed to take remedial action.

Contrary to the plaintiffs' contentions, the defendant-wife steadfastly maintained that the spray was not unusual or excessive, and that therefore she was unaware of any abnormally dangerous situation. Additionally, defendants presented evidence which indicated that the spray as testified to by the plaintiffs had nothing to do with the boat's capsizing, but rather that the capsizing was caused by the boat striking a submerged object.

The case was submitted to the jury which returned a verdict for the defendants. The trial court instructed the jury on sudden peril as follows:

"When an operator of a ~~vehicle~~ motor boat, who without negligence on his part is suddenly and unexpectedly confronted with peril arising from either the presence or the appearance of imminent danger to himself or to others, he is neither expected nor required to use the same judgment and prudence that is required of him in calmer and more deliberate moments. His duty is to exercise only that care which an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by an ordinarily prudent person under the same conditions, he does all that the law requires of him, although in the light of after events, it should appear that a different course would have been better and safer."

It was the giving of this instruction which plaintiffs challenged in their motion for new trial. After taking the motion under advisement, the trial court granted it on the basis that the above-quoted instruction should not have been given, since it was not supported by the evidence introduced at trial.

With regard to defendants' appeal, we note as an initial matter that a trial court has considerable discretion in granting or denying a motion for new trial, Rodriguez v. Williams, 107 Ariz. 458, 489 P.2d 268 (1971), and its decision relating thereto will not be disturbed unless there is a clear showing of an abuse of discretion. Swick v. White, 18 Ariz.App. 519, 504 P.2d 50 (1972). Keeping these principles in mind, we now consider whether the giving of the sudden peril instruction was proper.

The defendants contend that the giving of said instruction was proper as, in their view, all the elements of that doctrine were supported by the evidence. The plaintiffs however, urge that the instruction was not supported by the evidence in that the defendant-wife denied subjective awareness of any danger while she was operating the boat. Defendants counter this argument by urging that subjective knowledge of the peril on the part of the actor in a sudden peril situation is not required. Their position appears to be that the defendant need not actually acknowledge subjective awareness of the peril, and, that the instruction may be given if there is any objective evidence from which a jury could find that the defendant knew or should have known of the peril. We do not agree.

The Arizona Supreme Court in Sheehy v. Murphy, 93 Ariz. 297, 380 P.2d 152 (1963) stated:

"[W]hen a person, who without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the presence or appearance of imminent danger to himself or to others, he is neither expected nor required to use the same judgment and prudence that is required of him in calmer and more deliberate moments. His duty is to exercise only that care which an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by an ordinarily prudent person under the same conditions, he does all the law requires of him, although, in the light of after-events it should appear that a different course would have been better and safer." 93 Ariz. at 299, 300, 380 P.2d at 154.

Further, it has been held that there must be two or more alternative courses of action open to the actor to justify a sudden peril instruction. Dobbertin v. Johnson, 95 Ariz. 356, 390 P.2d 849 (1964). It is apparent then that to warrant a sudden peril instruction the actor must have been faced with a known actual emergency situation, (or reasonably think that he was) and at that time have two or more alternative courses of conduct open to him. The reasonableness of his subsequent conduct is evaluated in light of his choice between the available alternatives, taking into consideration the suddenness of the emergency and the consequent effect on the actor's ability to make a reasonable response. Before the fact finder can evaluate the reasonableness of the course of conduct the actor elects, it must be established that the actor did in fact make some choice between alternatives. Implicit in this is the requirement that the actor have subjective awareness of the existence of a perilous situation which requires him to make a choice. If the actor denies that he perceived any danger, then his actions cannot be the product of the emergency situation, and hence an instruction on sudden peril is not warranted.

In accord with our rationale is the case of Bosserman v. Olmstead, 77 Cal.App.2d 236, 175 P.2d 49 (1946) wherein the court stated:

"The refusal to give this instruction was correct for the reason that there is nowhere in the record any evidence that plaintiff either knew or thought that he was in peril, nor is there any testimony that he did anything assuming that he was in peril. It is argued by plaintiff that *defendant* testified that he saw a westbound car swerve to the north, and then the speculation is indulged that maybe the plaintiff took some sudden action to avoid being struck thereby which brought him into the path of defendant's car. The fallacy in this argument is that there is no evidence whatsoever upon which it can be based. There is no evidence that the *plaintiff* saw or heard that car or that plaintiff took any sudden action of any kind, or that he knew, or thought that he was in any peril, or that he moved forward, or moved at all because of such swerving car. There is no evidence that plaintiff at any time felt that he was in danger or did anything by reason of any such alleged danger." 175 P.2d at 51. (Emphasis in original).

Similarly, the California court in Batchelor v. Caslavka, 128 Cal.App.2d 819, 276 P.2d 64 (1954) again held:

"The court refused to give the jury the standard instruction on imminent peril requested by plaintiff. Plaintiff claims error. It was not error to refuse the instruction. There is no evidence in the record that plaintiff either knew or thought he was in peril, and there is no evidence that he did anything assuming that he was in peril." 276 P.2d at 66 (Footnote omitted)

The Supreme Court of Wisconsin in Geis v. Hirth, 32 Wis.2d 580, 146 N.W.2d 459 (1966) has stated the following rule:

"The application of the emergency rule rests upon the psychological fact

that the time which elapses between the creation of the danger and the impact is too short under the particular circumstances to allow an intelligent or deliberate *choice of action in response to the realization of danger.*" 146 N.W.2d at 463 (Emphasis added).

*See* Brock v. Avery Co., 99 Ga.App. 881, 110 S.E.2d 122 (1959); Dreyfus v. Mississippi City Lines, 261 So.2d 786 (Miss. 1972); Rodgers v. Carter, 266 N.C. 564, 146 S.E.2d 806 (1966); Cook v. Thomas, 25 Wis.2d 467, 131 N.W.2d 299 (1964); 65 C.J.S. Negligence § 17, p. 611 (1966).

■ While in the case here under consideration there may have been sufficient testimony indicating that the defendant-wife should have been aware of a perilous situation so as to create an issue of negligence for submission to the jury, she testified that she was not cognizant of any danger. Therefore, the trial court did not abuse its discretion in granting a new trial on the ground that the giving of a sudden peril instruction was improper.

■ With regard to the propriety of the lower court's separating the issues of liability and damages on retrial, plaintiffs allege that such separation severely prejudices their case. Their argument is two-fold. They first contend that by trying the issues separately to the same jury, the jury will be more prone to find for the defendants on the liability issue, since by so doing it would relieve itself of the necessity of spending further time considering the damage issue. Plaintiffs next contend that they would be prejudiced by the separation because it would make it more difficult for them to schedule witnesses for the damages issue, since they would not know when it would be tried. We find plaintiffs' contentions unpersuasive.

■ The granting of separate trials is governed by Rule 42(b), Rules of Civil Procedure, 16 A.R.S., which provides:

"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury."

In interpreting that rule, the Arizona courts have held that the trial judge has wide discretion in determining whether issues should be tried together or severed for trial. Anderson Aviation Sales Co., Inc. v. Perez, 19 Ariz.App. 422, 508 P.2d 87 (1973); Purcell v. Zimbelman, 18 Ariz. App. 75, 500 P.2d 335 (1972); Ulan v. Richtars, 8 Ariz.App. 351, 446 P.2d 255 (1968).

The general principles affecting a decision to grant separate trials are stated as follows in 53 Am.Jur. Trial § 53 (Supp. 1973):

"Ordinarily, to warrant a prior trial of the issue of liability, it must appear that it is separate and distinct from the issue as to damages, that such prior trial will not operate to the prejudice of a party to the action, and that it will expedite the litigation or lessen the cost thereof." (Footnotes omitted).

*See generally,* Crummett v. Corbin, 475 F. 2d 816 (6th Cir. 1973); Idzojtic v. Pennsylvania Railroad Company, 456 F.2d 1228 (3rd Cir. 1972); Lo Cicero v. Humble Oil & Refining Co., 52 F.R.D. 28 (E.D.La. 1971). Under the facts here presented, the issue of liability is distinct from that of damages, and it appears that separation may result in expedition and economy. Contrary to plaintiffs' contentions, we do not feel that they will be prejudiced by the trial court's order. Their argument that the jury would violate its oath and find for defendants, so as to save itself the time required to pass upon the question of damages is without legal or factual support. As to plaintiffs' second argument, we do not feel that the slight scheduling problems which may result from separating the issues will materially affect the presentment

of their case. Moreover, we cannot say that the trial judge abused the discretion he has in this area when we consider that he had the benefit of sitting through one complete trial, and thus was in a better position to assess the time involved in, and the impact on a jury of the presentment of evidence on the damage issue.

The trial court's order granting plaintiffs' motion for a new trial and separating the issues upon retrial is affirmed.

JACOBSON, C. J., and EUBANK, J., concur.