[No. B118168. Second Dist., Div. Six. Feb. 23, 1999.]

ROBERT HARRIS, Plaintiff and Appellant, v.
OAKS SHOPPING CENTER et al., Defendants and Respondents.

**COUNSEL**

Allen & Pappas, James G. Allen and Diane Pappas for Plaintiff and Appellant.

Coleman & Wright, John M. Coleman and Kenneth K. Tanji, Jr., for Defendants and Respondents.

**OPINION**

**GILBERT, Acting P. J.**—A man believes that a large sand sculpture is about to fall and injure customers at a shopping mall. He injures himself

while leaping over a nearly four-foot high booth door to render assistance to customers. The sand sculpture does not fall.

To recover in negligence, plaintiff need not show the harm was real and imminent, but only that he reasonably perceived the sand sculpture would fall.

Robert Harris (Harris) appeals from the defense judgment after special jury verdict in favor of respondents, Todd Vander Pluym, doing business as Sand Sculptors International (Sand Sculptors); the Oaks Shopping Center, a limited partnership (the Oaks Mall); and Hahn Property Management Corporation. He asserts that the trial court erred in instructing the jury. We agree and reverse.

## FACTS

Harris worked at the customer service booth of the Oaks Mall. A large sand sculpture approximately 30 feet high was under construction. While standing in the booth and looking at the sculpture, Harris heard the popping sound of construction boards snapping. He saw sand and water rushing out and thought the sand sculpture was about to fall and injure customers. He and his coworker shouted "It's falling," but no one seemed to hear them.

Fearing that the sculpture was about to fall on a woman pushing a baby in a stroller, Harris leaped over the booth door, twisted his body and injured himself in an effort to rescue customers. Security staff and others from the mall's management moved people away from the sculpture. The sculpture did not fall and no customers were injured. Harris suffered severe pain and required back surgery.

Harris sued respondents for negligence and premises liability for his injuries. The court-ordered arbitrator awarded Harris $4,392 against Sand Sculptors. He turned down the award and went to trial. The jury found none of the respondents were negligent. This appeal ensued.

## DISCUSSION

■ Litigants are entitled to jury instructions that fairly and clearly state the essential legal principles applicable to the case. (*Gordon* v. *Aztec Brewing Co.* (1949) 33 Cal.2d 514, 519 [203 P.2d 522]; *Anderson* v. *Latimer* (1985) 166 Cal.App.3d 667, 675 [212 Cal.Rptr. 544].) Jury instructions are sufficient if they supply the jury with a balanced statement of the necessary legal principles applicable to the theories of the case presented. (*Harland* v.

*State of California* (1977) 75 Cal.App.3d 475, 486 [142 Cal.Rptr. 201].) The trial court is not required to give every instruction offered by a litigant. (*Soule* v. *General Motors Corp.* (1994) 8 Cal.4th 548, 580 [34 Cal.Rptr.2d 607, 882 P.2d 298].) Irrelevant, confusing, incomplete or misleading instructions need not be given. (*People* v. *Saddler* (1979) 24 Cal.3d 671, 681 [156 Cal.Rptr. 871, 597 P.2d 130]; *LeMons* v. *Regents of University of California* (1978) 21 Cal.3d 869, 875 [148 Cal.Rptr. 355, 582 P.2d 946]; *Solgaard* v. *Guy F. Atkinson Co.* (1971) 6 Cal.3d 361, 370 [99 Cal.Rptr. 29, 491 P.2d 821].)

■ Here the trial court instructed the jury with the rescue doctrine under BAJI No. 4.60,[1] but refused to give BAJI No. 4.40 which concerns the doctrine of imminent peril. Harris asserts that the trial court must give both BAJI Nos. 4.40 and 4.60 here. He opines the trial court erred by requiring him to prove all the elements of No. 4.60 without benefit of the reduced standard of care afforded by No. 4.40.

The instruction given concerning the rescue doctrine, BAJI No. 4.60, reads: "Plaintiff is seeking damages based upon claims of negligence and Rescue Doctrine. [¶] Plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to establish: [¶] 1. That one or more of the defendants were negligent; [¶] 2. That such negligence threatened real and imminent serious ham [sic] to the person of another; [¶] 3. That the plaintiff attempted to rescue the endangered person; [¶] 4. In attempting such rescue plaintiff suffered injury, damage, loss or harm; and [¶] 5. The negligence of one or more of the defendants was a cause of the rescue attempt and of the injuries sustained by plaintiff in the couse [sic] of such rescue attempt. [¶] 'Preponderance of the evidence' means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it. [¶] You should consider all of the evidence bearing upon every issue regardless of who produced it." (Emphasis omitted.)

BAJI No. 4.40, concerning imminent peril, provides: "A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence of, or the appearance of, imminent danger to himself or to others, is not expected nor required to use the same judgment and prudence that is required in the exercise of ordinary care in calmer and more deliberate moments. His duty is to exercise the care that an ordinarily prudent person would exercise in the same situation. If at

---

[1]All BAJI instructions referred to are from the eighth edition (1994) unless otherwise noted.

that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him. This is true even though in the light of after-events, it should appear that a different course would have been better and safer."

Harris asserts that he should not have been required to show that respondents' negligence threatened real and imminent harm to himself or others, but only that he reasonably perceived the appearance of such danger, under BAJI No. 4.40. He also contends that he should only be required to show that he exercised that prudence required of one faced with imminent peril. Harris opines that because he was confronted with imminent peril not caused by his own negligence, the trial court should have given BAJI No. 4.40 irrespective of any contributory negligence defense. (Citing *Anderson* v. *Latimer, supra,* 166 Cal.App.3d at p. 675.) We agree.

BAJI No. 4.40 should be given when the evidence is sufficient to support the finding of the objective appearance of sudden and unexpected peril. The evidentiary requirements are well established. (See generally, *Leo* v. *Dunham* (1953) 41 Cal.2d 712, 714-715 [264 P.2d 1]; *Pittman* v. *Boiven* (1967) 249 Cal.App.2d 207, 216 [57 Cal.Rptr. 319]; *Safirstein* v. *Nunes* (1966) 241 Cal.App.2d 416, 422-423 [50 Cal.Rptr. 642]; *McDevitt* v. *Welch* (1962) 202 Cal.App.2d 816, 821-825 [21 Cal.Rptr. 251] [peril while driving]; *Sadoian* v. *Modesto Refrigerating Co.* (1958) 157 Cal.App.2d 266, 274-275 [320 P.2d 583]; *Kuist* v. *Curran* (1953) 116 Cal.App.2d 404, 410 [253 P.2d 681]; *Bosserman* v. *Olmstead* (1946) 77 Cal.App.2d 236, 240 [175 P.2d 49]; *Groat* v. *Walkup Drayage etc. Co.* (1936) 14 Cal.App.2d 350, 353-355 [58 P.2d 200].)

BAJI No. 4.40 should be given if there is evidence showing that the course of action taken was one which might have been taken by a reasonably prudent person under similar conditions. (*Givens* v. *Southern Pacific Co.* (1961) 194 Cal.App.2d 39, 45-46 [14 Cal.Rptr. 736]; *Balthrop* v. *Atchison, T. & S.F. Ry. Co.* (1959) 167 Cal.App.2d 437, 446-447 [334 P.2d 1041]; *Gamalia* v. *Badillo* (1942) 53 Cal.App.2d 375, 378 [128 P.2d 184].) Whether the instruction should be given is dependent on the facts presented at trial. (*Leo* v. *Dunham, supra,* 41 Cal.2d at p. 715; *Damele* v. *Mack Trucks, Inc.* (1990) 219 Cal.App.3d 29, 36-37 [267 Cal.Rptr. 197]; *Pittman* v. *Boiven, supra,* 249 Cal.App.2d at p. 216; *Warren* v. *Sullivan* (1961) 188 Cal.App.2d 150, 154 [10 Cal.Rptr. 340]; *Batchelor* v. *Caslavka* (1954) 128 Cal.App.2d 819, 822-823 [276 P.2d 64]; *Bosserman* v. *Olmstead, supra,* 77 Cal.App.2d at p. 240.)

The record contains evidence sufficient to require giving BAJI No. 4.40. Harris and others heard the boards containing the sand snap and saw sand

and water rushing out of the huge sculpture. He saw it begin to tilt in the crowded mall. It appeared there was an imminent danger of the sand sculpture falling onto customers, and none of them seemed to hear him shout to move away from the sculpture. He vaulted over the booth door to pull customers away from the apparent imminent danger of the sand sculpture falling onto them. Although the sculpture did not fall, the jury may consider whether there existed the appearance of imminent danger pursuant to BAJI No. 4.40.

The judgment is reversed. Costs are awarded to appellant.

Coffee, J., and Stone (S. J.), J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal, Second District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.