[No. B224359. Second Dist., Div. Five. Nov. 7, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY JEROME HALL, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the Background, and Discussion parts A., B., C.1., 3. and 4.

## Counsel

Rodger Paul Curnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Scott A. Taryle and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOSK, J.—**

### INTRODUCTION

Defendant and appellant Anthony Jerome Hall (defendant) was convicted of the second degree murder of a child a little over a year old (Pen. Code, § 187, subd. (a)),[1] and of the assault on that child, who was under eight years old, causing death (§ 273ab). In the published portion of this opinion, we hold that notwithstanding the agreement of the prosecution and defense that the trial court instruct the jury on an uncharged lesser related offense of child abuse (§ 273a, subd. (a)), the trial court did not err by not giving that instruction. We affirm the judgment.

### BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

#### A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

#### C.  *Jury Instructions*

Defendant contends that the trial court violated his constitutional rights to due process and a fair trial by refusing to instruct the jury with CALJIC Nos. 9.37, 6.40, and 4.45. We disagree.

##### 1.  *Standard of Review**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

##### 2.  *CALJIC No. 9.37*

Defendant contends that the trial court erred by refusing to instruct the jury with CALJIC No. 9.37 concerning child abuse—a so-called lesser related

---

[1] All statutory citations are to the Penal Code unless otherwise noted.

*See footnote, *ante*, page 778.

offense—because the prosecution and defendant agreed that the trial court could give the instruction. The trial court did not err.

Defendant's counsel asked the trial court to instruct the jury with CALJIC No. 9.37,[6] child abuse, as a lesser related offense to assault on a child under eight years old causing death in violation of section 273ab. The prosecutor agreed with defense counsel's request, stating, "There is in theory a fact pattern [that] arguably could be found that [defendant] abused a child, that he struck a child, he was negligent in his care, that he put the child to sleep and somehow the child died in the [*sic*] sleep, not necessarily related to his conduct."[7] The trial court stated, "We don't give lesser related anymore," and denied defendant's request.

■ Our Supreme Court has stated, "A defendant has no right to instructions on lesser related offenses, even if he or she requests the instruction and it would have been supported by substantial evidence, because California law does not permit a court to instruct concerning an uncharged lesser related crime unless agreed to by both parties. ([*People v.*] *Kraft* [(2000)] 23 Cal.4th [978,] 1064–1065 [99 Cal.Rptr.2d 1, 5 P.3d 68]; [*People v.*] *Birks* [(1998)] 19 Cal.4th [108,] 136–137 [77 Cal.Rptr.2d 848, 960 P.2d 1073].)" (*People v. Jennings* (2010) 50 Cal.4th 616, 668 [114 Cal.Rptr.3d 133, 237 P.3d 474].) In overruling its decision in *People v. Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303], in which the court permitted a defendant to determine unilaterally on what lesser related offenses a trial court must instruct the jury, the court in *People v. Birks, supra*, 19 Cal.4th at page 136 stated that a criminal defendant does not have "a unilateral entitlement to instructions on lesser offenses which are not necessarily included in the charge."

Defendant argues that the requested jury instruction should have been given because the prosecutor agreed it could be given. In support of his contention, defendant relies on *People v. Birks, supra*, 19 Cal.4th at page 136,

---

[6] CALJIC No. 9.37 provides in part, "Every person who, under circumstances or conditions likely to produce great bodily harm or death, [willfully inflicts unjustifiable physical pain or mental suffering on a child,] [or] [willfully causes or, willfully and as a result of criminal negligence, permits a child to suffer unjustifiable physical pain or mental suffering,] [or] [has care or custody of a child and [¶] [a] [willfully causes or, willfully and as a result of criminal negligence, permits the child's person or health to be injured,] [or] [¶] [b] [willfully causes or, willfully and as a result of criminal negligence, permits the child to be placed in a situation where his or her person or health may be endangered,]] [¶] is guilty of a violation of Penal Code § 273a, subdivision (a), a crime."

[7] The prosecutor originally charged defendant in count 3 with child abuse in violation of section 273a, subdivision (a). The trial court granted the prosecution's motion to dismiss count 3.

footnote 19. In that footnote, the court explained "that our decision does not foreclose the parties from agreeing that the defendant may be convicted of a lesser offense not necessarily included in the original charge." (*Ibid.*) This statement, however, does not support defendant's contention that a trial court errs if it does not instruct the jury on an uncharged lesser related offense notwithstanding the agreement of the prosecution and defense to have the trial court give the instruction, and defendant does not cite to any authority that such a refusal to give the instruction constitutes error.

There is no statute or authority requiring that the jury be instructed with an uncharged lesser related offense. Section 1093, subdivision (f) provides, "The judge may then charge the jury, and shall do so on any points of law pertinent to the issue, if requested by either party . . . ." Section 1093.5 states, "Before the commencement of the argument, the court, on request of counsel, must: (1) decide whether to give, refuse, or modify the proposed instructions . . . ." Unless the trial court is required by statute or case law to give a jury instruction, it does not have to do so. For example, a trial court may refuse to give an instruction if it is not supported by substantial evidence (*People v. Bolden* (2002) 29 Cal.4th 515, 558 [127 Cal.Rptr.2d 802, 58 P.3d 931]) or would be "confusing and not helpful to the deliberative process" (*Linden Partners v. Wilshire Linden Associates* (1998) 62 Cal.App.4th 508, 528 [73 Cal.Rptr.2d 708]; see *Harris v. Oaks Shopping Center* (1999) 70 Cal.App.4th 206, 209 [82 Cal.Rptr.2d 523] ["trial court is not required to give every instruction offered by a litigant. . . . Irrelevant, confusing, incomplete or misleading instructions need not be given" (citation omitted)]). The ultimate decision of whether to give an instruction on an uncharged lesser related offense should not be removed from the trial court. (See *People v. Lam* (2010) 184 Cal.App.4th 580, 583 [108 Cal.Rptr.3d 877] [in a case involving claims of ineffective assistance of defense counsel for failing to request a lesser related offense instruction, the court said "even if counsel had requested the instruction, no reasonable possibility existed that the prosecutor *and trial court* would have agreed to it because no substantial evidence supported it" (italics added)].)

■ The Supreme Court in *People v. Birks, supra,* 19 Cal.4th at pages 123, 127–130 did say that a defendant could not unilaterally require the instruction on an uncharged lesser related offense because such a requirement would be unfair to the prosecution and interfere with its charging determination. The court, however, also noted, with regard to such an instruction, "there can be no clear standards for determining when a lesser offense, though not

necessarily included in the charge, is nonetheless related for instructional purposes. This leaves an accused potentially infinite latitude to argue a sufficient link." (*Id.* at p. 131.) The court added, "[t]he resolution of requests for instructions on lesser related offenses thus involves nuanced ' "questions of degree and judgment." ' [Citation.]" (*Ibid.*; see 5 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Trial, § 632, p. 905 ["There can be no clear standards for determining when a lesser offense, though not necessarily included in the charge, is nonetheless 'related' for instructional purposes. This uncertainty creates an increased likelihood that trial and appellate courts will disagree in a particular case, and that appellate precedents will conflict, thus detracting from the fair and efficient administration of justice."].) Thus, the reasons given in *People v. Birks* for overruling *People v. Geiger, supra,* 35 Cal.3d 510 were not restricted to the impact of a lesser related offense instruction upon the prosecution, but involved other difficulties with such an instruction. Accordingly, *People v. Birks* should not be read to require an uncharged lesser related offense instruction when the prosecutor agrees to it.

█ " '[T]here is no federal constitutional right of a defendant to compel the giving of lesser-related-offense instructions. [Citation.]' [Citation.]" (*People v. Foster* (2010) 50 Cal.4th 1301, 1344 [117 Cal.Rptr.3d 658, 242 P.3d 105]; see also *People v. Kraft, supra,* 23 Cal.4th at p. 1064 [defendant not entitled to instruction on lesser related offense even if supported by evidence].) Defendant is relying solely on the prosecutor's acquiescence in the request for the instruction. As there is no requirement that the trial court give an uncharged lesser related offense instruction even if the defendant and prosecutor agree to have it given, the trial court's refusal to give the instruction did not constitute error.

Even if the failure to give the instruction constituted error, such an error was harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) Defendant's defense was that he never struck the child—the victim. In addition, in view of defendant's statements and other evidence that he killed the child, there is not a reasonable probability that defendant would have received a more favorable result had the instruction been given. (*Ibid.*)

3., 4.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 778.

## DISPOSITION

The judgment is affirmed.

Turner, P. J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 15, 2012, S198285.