Filed 7/8/25 P. v. Melchor CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B335977 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. SA108439) |
| JUAN LOPEZ MELCHOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher W. Dybwad, Judge. Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Lauren Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted defendant Juan Lopez Melchor of assault with a deadly weapon, a machete (Pen. Code, § 245, subd. (a)(1)),[1] and vandalism (§ 594, subd. (a)).  On appeal, defendant contends the trial court erred by failing to instruct the jury on brandishing as a lesser related offense of assault with a deadly weapon.  We affirm the judgment.

## DISCUSSION[2]

Defendant argues that the trial court was required to instruct the jury on brandishing a weapon as a lesser related offense to assault with a deadly weapon.[3]  While defendant recognizes binding authority that prevents a trial court from instructing on a lesser related offense where, as here, the prosecutor did not agree to the instruction, he argues that the manner in which the prosecutor argued the evidence somehow implicitly waived the prosecutor's consent.  As recognized by the trial court, defendant was not entitled to an instruction on brandishing as a lesser related offense of assault with a deadly weapon.  Defendant's attempt to circumvent clearly established precedent by claiming the evidence supports a brandishing instruction has no merit.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     We limit our recitation of the facts to those needed to provide context for and resolve the narrow issue of law raised on appeal.

[3]     Section 417, subdivision (a)(1), provides: "Every person who, except in self-defense, in the presence of any other person, draws or exhibits any deadly weapon whatsoever, other than a firearm, in a rude, angry, or threatening manner, or who in any manner, unlawfully uses a deadly weapon other than a firearm in any fight or quarrel is guilty of a misdemeanor, punishable by imprisonment in a county jail for not less than 30 days."

I.       *Proceedings Below*

Defendant requested, and the trial court denied, a brandishing instruction as a lesser included offense of assault with a deadly weapon.  In support of its ruling, the court cited *People v. Steele* (2000) 83 Cal.App.4th 212 (*Steele*) for the proposition that brandishing is not a lesser *included* offense of assault with a deadly weapon.  Rather, brandishing is a lesser *related* offense.  The court noted it could only instruct on a lesser related offense if the prosecution agreed to it.  However, the prosecution made clear it did not consent to a brandishing instruction.

II.       *Analysis*

On appeal, defendant acknowledges that brandishing a weapon is a lesser related offense of assault with a deadly weapon, but not a lesser included offense.  (See *People v. Escarcega* (1974) 43 Cal.App.3d 391, 398.)  The difference is crucial, because a trial court must instruct on any lesser included offense supported by substantial evidence but not on uncharged lesser offenses that are just related to the charged offense because they bear some conceptual and evidentiary relationship to it.  (*People v. Breverman* (1998) 19 Cal.4th 142, 162, disapproved on other grounds in *People v. Schuller* (2023) 15 Cal.5th 237; *People v. Birks* (1998) 19 Cal.4th 108, 119, 136.)

"Our Supreme Court has stated, 'A defendant has no right to instructions on lesser related offenses, even if he or she requests the instruction and it would have been supported by substantial evidence, because California law does not permit a court to instruct concerning an uncharged lesser related crime unless agreed to by both parties.  [Citations.]'" (*People v. Hall* (2011) 200 Cal.App.4th 778, 781.)  "In overruling its decision

3

in *People v. Geiger* (1984) 35 Cal.3d 510, in which the court permitted a defendant to determine unilaterally on what lesser related offenses a trial court must instruct the jury, the court in *People v. Birks, supra*, 19 Cal.4th at page 136, stated that a criminal defendant does not have 'a unilateral entitlement to instructions on lesser offenses which are not necessarily included in the charge.'" (*Ibid.*)

In *Steele, supra,* 83 Cal.App.4th 212, the defendant argued that the trial court erred by refusing to instruct on brandishing a firearm as a lesser included offense to the charged crime of assault with a firearm. The appellate court cited *Birks* and noted that "a trial court is no longer able to instruct on lesser related offenses, absent the stipulation of both parties, or a party's failure to object to such an instruction." (*Steele*, *supra*, at p. 217.) The court also pointed out that "it has long been held that brandishing is a lesser related offense, rather than a lesser included" offense of assault with a deadly weapon because it is possible to assault a person with a weapon without exhibiting the weapon in a rude, threatening or angry manner. (*Id.* at p. 218.) Therefore, the appellate court concluded that the trial court did not err by refusing to instruct the jury on brandishing. (*Id.* at p. 221.)

Notwithstanding the weight of authority contrary to his claim, defendant contends the evidence would only have supported the lesser related offense. That is not the standard. Defendant's argument more appropriately pertains to the sufficiency of the evidence to support the assault with a deadly weapon conviction, not instructional error. However, he does not raise this contention on appeal. As previously noted, the prosecutor expressly refused to consent to an instruction of the lesser related offense of brandishing. Thus, the trial court properly denied the instruction. Defendant is essentially asking this court to ignore our Supreme Court's

4

decision in *Birks* and we decline to do so.  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


COLLINS, J.


GARCIA UHRIG, J.*

---

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.