INDEMNITY INSURANCE COMPANY OF NORTH AMERICA v.

HARRISON.

4-2764

Opinion delivered December 5, 1932.

*Duty & Duty* and *Ollie Collins,* for appellant.

*W. B. Foster,* for appellee.

KIRBY, J. This appeal is prosecuted from a judgment against appellant company as surety on a bond guaranteeing the construction and installation of a gas system for furnishing gas to the people of the city of Harrison within 12 months from the date of the ordinance granting the franchise therefor.

The city of Harrison, by its council, passed an ordinance granting C. W. Murchison, trustee, a franchise to construct, maintain and operate a gas system in the city of Harrison to supply the inhabitants of said city natural gas, and fixing the rates to be charged for same.

The ordinance provided that it should not become effective until a bond in the sum of $2,500 had been posted, conditioned that the system would be completed within 12 months from the date of the passage of the ordinance. Such bond was executed in said sum by C. W. Murchison and appellant company, as surety, and filed with the city council. Default was made in the construction of the gas distributing system; in fact no attempt was made to construct it, and the city brought suit on the bond. Service was not had on Murchison, and judgment was not rendered against him.

Appellant denied any liability on the bond, that the ordinance granting the franchise had been duly passed, published or accepted by the grantee, and any liability under the bond, which it claimed was a penalty, except for damages, if any at all, none of which had been shown.

Upon the evidence adduced by the plaintiff, the issues were submitted under instructions not complained of to the jury, which returned a verdict for the city against the appellant company in the sum of the face of the bond. Judgment in that sum was entered, bearing six per cent. interest from date, against the Indemnity Insurance Company of North America, which now seeks by this appeal to reverse said judgment.

Appellant insists that the bond only provided a penalty, and that it was not liable thereunder for more

than actual damages, none of which was shown to have been suffered by the city. This case is ruled by the decision in *Cherokee Public Service Co.* v. *Helena,* 184 Ark. 38, 41 S. W. (2d) 773, where a provision in a contract obligating a utility company to pay $5,000 for breach of its undertaking to supply gas to a city in a specified time was held a provision for liquidated damages.

Section 14 of the ordinance granting the franchise provided it should take effect after its approval and publication upon the posting of a $2,500 surety bond approved by the city council, conditioned that the gas system be completed within 12 months from the date of the passage of the ordinance. The bond was conditioned as the ordinance required:

"Now, therefore, the condition of this obligation is such that, if the said C. W. Murchison, trustee, his successors, lessees and assigns, shall lay, construct, and equip a system of gas mains, pipes, conduits and feeders for the purpose of supplying and distributing natural gas for light, fuel, power and heat, and for any other purpose, to the residents and inhabitants of the city of Harrison, as provided in said franchise, within twelve months from the date of the passage of the ordinance granting said franchise, then this obligation shall be null and void; otherwise, it shall remain in full force and effect."

The terms of the ordinance and the provisions of the bond are of such a nature that the damage caused by its breach would be uncertain and difficult of proof, and the sum named by the parties was properly held to be liquidated damages; the form and language of the instrument not being unfavorable to such construction and the magnitude of that sum nor forbidding it. The parties must have known that it was impracticable to measure the damages of any actual loss, if any was contemplated, for a breach of the contract, since the city, in its corporate capacity, could not have suffered any injury by such breach of contract, and it was only reasonable to suppose it was intended to fix in the terms of

the contract the precise sum recoverable for its breach. See also 8 R. C. L., pages 575-576; *Sun Printing & Publishing Ass'n* v. *Moore*, 183 U. S. 642, 22 S. Ct. 240.

Appellant insists that the court erred in allowing parol testimony introduced to prove the ordinance granting the franchise, which it says could only be done by the production of a certified copy thereof. The city recorder testified that he was the custodian of the records of the city, was present when the ordinance granting the franchise was passed by the council, and made a copy thereof, and recorded it; that it had been attested by the signatures of the mayor and the recorder, and duly published. This testimony was admitted over objection, and later a printed copy of the ordinance was introduced with a certificate of publication. No error was committed in the proof of the ordinance in such manner without the production of a certified copy thereof made by the clerk or recorder. Sections 7497 and 7499, Crawford & Moses' Digest; *Heno* v. *Fayetteville*, 90 Ark. 292, 119 S. W. 287.

It is also claimed that the surety company was not bound to the payment of the bond, since it was not proved that the signature of the principal, Murchison, was genuine; but the city recorder stated he had written to Murchison at Dallas, Texas, after the passage of the ordinance calling for the posting of the bond in accordance with its terms, and that the bond sued on, signed by Murchison, as principal, was returned to the city with the signature of appellant as surety thereon, and by it accepted, in accordance with the terms of the contract. There was no statutory denial of the execution of the bond, and no claim whatever by appellant company that it had not executed the same regularly as surety.

We find no error in the record, and the judgment is affirmed.