## LIFE AND CASUALTY INSURANCE
### COMPANY OF TENNESSEE *v.* ANNA GILKEY

73-202                                    505 S.W. 2d 200

Opinion delivered February 11, 1974
[Rehearing denied March 11, 1974.]

*Wallace M. Moody,* for appellant.

*Camp & Thornton, P.A.,* by: *Ronald L. Griggs,* for appellee.

FRANK HOLT, Justice. Appellant issued its policy insuring the deceased, William Gilkey, against loss of life, limb, or sight resulting from violent external and accidental means. His mother, the appellee, was made the beneficiary of the policy. The insured was fatally injured by a tractor he was driving on a public highway when he was thrown or fell from it. He was enroute to his home after using it for farming purposes. The policy provides a $1,000 coverage for accidental death in four instances. The only relevant section, and the one in controversy, provides coverage when death occurs:

> As a result of a collision of or other accident to any automobile, taxicab, bus, truck, wagon or buggy inside of which the insured is riding or driving on a public highway . . . .

Both parties moved for a summary judgment based upon the pleadings, the insurance contract and a stipulation of facts. Both motions were denied and the case then proceeded to trial. Appellant presented no evidence and its motion for a directed verdict, which was overruled, is not an issue on appeal. A jury awarded the policy benefits to the appellee. Appellant first contends for reversal that the trial court erred in denying appellant's motion for summary judgment because there existed no genuine issue as to any material fact and, therefore, appellant was entitled to judgment as a matter of law.

A sufficient answer to this contention is that the denial of a motion for a summary judgment is not reviewable on appeal when, as here, the cause then proceeds to trial on its merits. *Deposit Guaranty* v. *River Valley,* 247 Ark. 226, 444 S.W. 2d 880 (1969), and *Ross* v. *McDaniel,* 252 Ark. 253, 478 S.W. 2d 430 (1972). See also *Widmer* v. *Fort Smith Veh. & Mach. Co.,* 244 Ark. 971, 429 S.W. 2d 63 (1968).

Appellant next contends that the trial court, "upon denial of appellant's motion for summary judgment, erred in failing to determine, and to set out, the facts about which there was no genuine issue or controversy" as required by Ark. Stat. Ann. § 29-211 (d) (Repl. 1962). This statute requires the court to make an order specifying the facts that appear to be without substantial controversy and, upon trial, the specified facts shall be deemed established and the trial conducted accordingly. Appellant relies upon *Young, Adm'r* v. *Dodson,* 239 Ark. 143, 388 S.W. 2d 94 (1965). The case at bar proceeded to trial without any request for such an order or an objection by appellant as to the asserted non-compliance with the procedural requirements of the statute. Although, there was a stipulation of facts, it appears the appellant did not ask that the stipulation be presented to the jury to avoid the necessity of testimony by the appellee upon the agreed facts. In fact, it appears appellant acquiesced in the procedure and thoroughly cross-examined the witnesses. Although formal exception to the action of the court is no longer required, it is necessary to make known to the court the action desired or make objection to the court's action and the grounds therefor. § 27-1762. A matter to which no objection is made during the trial is not reviewable on appeal. *Sherman, Adm'x* v. *Mountaire,* 243 Ark. 301, 419 S.W. 2d 619 (1967). In the circumstances, we do not perceive any prejudicial effect is demonstrated by appellant.

Appellant next asserts that the trial court "erred in failing 'o give appellant's requested jury instruction No. 3 and due to such failure, the jury was not instructed on the law applicable to the situation before the court." Appellant's proffered instruction reads:

You are instructed that the word 'automobile' is defined to be taken in its ordinary and popular acceptation, which is a motor driven vehicle having four wheels, a body, sides and top, suitable and intended for the conveyance of persons.

Appellant's instruction was based verbatim on the definition of an automobile in *Neighbors* v. *Life and Casualty Ins. Co. of Tenn.,* 182 Ark. 356, 31 S.W. 2d 418 (1930), where the policy in question provided coverage for in-

juries effected solely by external, violent and accidental means where the same were caused "by the collision of or by any accident to any private horse drawn vehicle or private motor driven automobile in which the insured is riding or driving." There we said:

> . . . . in a contract where the word 'automobile' is used it is to be taken in its ordinary and popular acceptation, which is a motor driven vehicle having four wheels, a body, sides and top, suitable and intended for the conveyance of persons, and does not include such a vehicle as a motorcycle.

We observe that both parties focus their arguments upon the issue as to whether a tractor is an automobile within the meaning of this policy. We realize that insurance contracts must be so interpreted as to resolve all reasonable doubts in favor of the insured. *First Pyramid Life Ins. Co. v. Thornton,* 250 Ark. 727, 467 S.W. 2d 381 (1971). However, as *Neighbors, supra,* indicates, we will not allow an unreasonable meaning and in that case we established the acceptable definitional boundaries. Since the trial court judge is under a duty to instruct as to the law applicable in the case, it was error not to give the instruction.

Reversed and remanded.