## Patsy Crosno HUNTER et al *v.* G. H. McDANIEL, d/b/a McDANIEL BROTHERS CONSTRUCTION CO. et al

81-95                                                        623 S.W. 2d 196

Supreme Court of Arkansas
Opinion delivered November 2, 1981

*Guy Jones, Jr.,* for appellants.

*Friday, Eldredge & Clark,* by: *James M. Simpson,* for appellees.

Frank Holt, Justice. This appeal results from a jury's finding that the appellees were not liable for the death of Michael Crosno, minor son of appellant Patsy Crosno Hunter, nor for the injuries suffered by appellant Pattie Jean Crosno when a collision occurred between a pickup truck driven by Michael Crosno and a mobile home being pulled by a tractor driven by appellee Henry Slatton, an employee of appellee McDaniel Brothers Construction Company. Pattie was a passenger in the pickup truck. For reversal appellants first contend that the trial court erred in ordering, *sua sponte* and over appellants' objection, a bifurcation of the trial on the issues of liability and damages pursuant to Rules of Civil Proc., Rule 42 (b), 3A Ark. Stat. Ann. (Repl. 1979). The court had made known its intention to do so a few days before trial. As indicated the jury found no liability on the part of the appellees, and, therefore, did not reach the issue of damages.

The propriety of this bifurcation procedure is an issue of first impression in this state. Rule 42 (b) reads:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of

> any claim, cross-claim, counterclaim, or third party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims or issues.

Appellants argue that the bifurcation of the trial on the issues of liability and damages deprived them of their right to a jury trial as guaranteed by Art. 2, § 7, Arkansas Constitution (1874), and Rules of Civ. Proc., Rules 38 and 39, 3A Ark. Stat. Ann. (Repl. 1979). Our Rule 42 (b), *supra,* is copied from Rule 42 (b), Fed. Rules Civ. Proc. The bifurcation of the issues of liability and damages in personal injury actions is common in the federal practice pursuant to Rule 42 (b) as well as many states where a court rule, as here, or statute permits. *Moss* v. *Associated Transport, Inc.,* 344 Fed. 2d 23 (6th Cir. 1965), and 85 A.L.R. 2d § 3, p. 12. The separation of the issue of liability from that relating to damages is an obvious use of Rule 42 (b). Logically, liability must be resolved by the factfinder before damages are considered. See 9 Wright and Miller, Federal Practice and Procedure, § 2390, p. 296. *Mercado* v. *City of New York,* 25 A.D. 2d 75, 265 N.Y. Supp. 2d 834 (1966). The bifurcation of these issues is not an infringement upon the constitutional right to a jury trial. *Hosie* v. *Northwestern Ry.,* 282 F. 2d 639 (7th Cir. 1960), cert. denied, 365 U.S. 814, 81 S. Ct. 695, 5 L. Ed. 2d 693 (1961), and Wright, Federal Courts, Ch. 10, § 97 (1963), pp. 433-434.

Appellants assert also that the issues of liability and damages were so interwoven that it was prejudicial error to try the case in a bifurcated manner since they had to establish damages in order to prove liability. Appellants, however, adduced proof that they had sustained damages. They introduced photographs showing the condition of the vehicles following the accident. Upon impact the scene "looked like a big explosion." There was testimony that Pattie Crosno was found alive after being thrown from the truck and Michael Crosno's body was apparently thrown through the windshield of his truck. There is nothing in the record to indicate that the asserted liability and the nature of the damages were such that liability was dependent upon damages. In other words, it appears that the evidence

pertinent to these two issues was totally unrelated. See *Hosie v. Northwestern Ry., supra.*

Appellants further argue that a simple vehicular collision, as here, is not an appropriate situation for a bifurcated trial. We cannot agree. The purpose of Rule 42 (b) is to further convenience, avoid delay and prejudice, and serve the needs of justice. The primary concern is efficient judicial administration, rather than the wishes of the parties, as long as no party suffers prejudice by the bifurcation. *LoCicero* v. *Humble Oil & Refining Co.,* 52 F.R.D. 28, 30 (E.D. La. 1971). However, a bifurcation should be used on a case by case basis based upon the informed discretion of the court. *Lis.* v. *Robert Packer Hosp.,* 579 F. 2d 819 (3d Cir. 1978). A routine bifurcation, however, would not be an exercise of discretion. Absent an abuse of discretion the decision will not be disturbed on appeal. *Mosley* v. *General Motors Corp.,* 497 F. 2d 1330 (8th Cir. 1974); *Nettles* v. *General Accident Fire and Life Assurance Corp.,* 234 F. 2d 243 (5th Cir. 1956). We cannot say from the record before us that the trial court abused his discretion.

Appellants next contend that the court erred in refusing their proffered instruction AMI 903 to cover their theory of the case. While it is error for the trial court to fail to instruct the jury on a statute applicable to the case, *Life and Cas. Ins. Co. of Tenn.* v. *Gilkey,* 255 Ark. 1060, 505 S.W. 2d 200 (1974), it is also error to instruct the jury on an inapplicable statute. *CRT, Inc.* v. *Dunn,* 248 Ark. 197, 451 S.W. 2d 215 (1970). Portions of the statute not applicable to the facts must be deleted. *Harkrider* v. *Cox,* 230 Ark. 155, 321 S.W. 2d 226 (1959). Appellants' proffered instruction consisted of a compilation of numerous statutory provisions regarding the transportation of trailers. Several of these sections were inapplicable to the facts presented. Therefore, the trial court correctly refused the instruction inasmuch as the proffered instruction contained abstract statements of the law. *Harkrider* v. *Cox, supra;* and *CRT, Inc.* v. *Dunn, supra.*

Appellants next assert that the trial court erred in giving AMI 305 (b), offered by appellee, and rejecting AMI 305 (c), offered by appellants. The instructions read:

AMI 305 (b):
It was the duty of all persons involved in the occurrence to use ordinary care for their own safety and the safety and the property of others.

AMI 305 (c):
It is the duty of both Michael Crosno, deceased, and Henry M. Slatton to use ordinary care for their own safety and the safety of others and their property.

Appellant Pattie Crosno argues that 305 (b) is a direct and prejudicial comment on the evidence as related to her inasmuch as it "directed the jury" to find against her. We do not so construe the instruction. This was an accident involving three vehicles and several parties. Appellant has demonstrated no prejudice; therefore, we find no merit in this argument.

In their final point for reversal, appellants assert the trial court erred in not allowing appellants to introduce into evidence the original and amended interrogatories and answers made by appellees pursuant to Rule 33 (b). It appears that appellants sought the use of the interrogatories and answers to impeach the credibility of appellees' witnesses, citing Rules of Evidence, Rules 607 and 611 (b), Ark. Stat. Ann. § 28-1001 (Repl. 1979). Rule 33 (b) provides that answers to interrogatories "may be used to the extent permitted by the rules of evidence." Our Rule 33 (b) is identical to Rule 33 (b) of F. R. Civ. P. In 4A Moore's Federal Practice § 33.29 [1], p. 33-174, it is stated:

Under Rule 26 (d), as incorporated in Rule 33, answers could be used 'by any party for the purpose of contradicting or impeaching the testimony of' the answering party as a witness . . .

In § 33-29 [2], p. 33-180, it is summarized:

It must be, therefore, that the amended Rule [33] was framed with a recognition that answers to interrogatories are hearsay and inadmissible at the trial unless they fall within some recognized exception to the

hearsay rule. Thus they would be admissible for purposes of impeaching the testimony of the person making them . . .

Here, appellants argue that they were entitled to introduce the interrogatories and answers by appellee McDaniel, who was unavailable as a witness, to contradict the testimony given by Earney and Bowie, witnesses for the appellees. Appellants argue that the important part of McDaniel's answer is: "According to Mr. Slatton [McDaniel's employee], he had pulled over on the shoulder of the road and had completely stopped at the time of the impact to our tractor and trailer." It is argued that this answer controverts the testimony of Bowie with regard to the speed of the vehicle and location on the highway. Suffice it to say that the appellants have not shown how this answer or other answers would fall within a recognized exception of the hearsay rule. Thus, the trial court was correct in not allowing these interrogatories and answers into evidence.

Affirmed.

ADKISSON, C.J., and PURTLE and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority for two reasons. First, I think the decision deprives the appellants of their right to a jury trial as guaranteed by the Constitution of the State of Arkansas. I further disagree because I do not think that Rules of Civil Procedure, Rule 42, provide for a bifurcation of the different allegations of a single trial.

Constitution of Arkansas, Art. 2 § 7 states:

The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; . . .

Certainly it cannot be argued that appellants did not claim damages from the appellees in the complaint which was filed herein. They have been denied the right of a jury trial in their claim for damages. The chief evil resulting from the

severance of the liability claim from the damage claim is that it is likely to cause the jury to be prone to generally find in favor of the defendant in order to prevent a second trial on the damages. Therefore, it seems to me that in most cases it would deny a plaintiff the right of a true consideration of his lawsuit.

Rule 42 (a) states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs and delays.

Section (b) of the rule has been correctly stated in the majority opinion. In my opinion, the plain meaning of this rule is to allow separation of different actions or consolidation of different actions. Nowhere in the language may it reasonably be said that a court has the right to split a cause of action without the consent of the parties. The reporter's notes to Rule 42 indicate that little change is expected in the actions by the court as a result of the adoption of this rule. The note further states, generally speaking, consolidation of cases is normally permitted for convenience and economy in judicial administration and not to merge claims into a single cause or change parties' rights. The many notes and annotations on decisions under prior law all dealt with claims of different parties, and nowhere in my research am I able to determine that a tort action has ever been presented in a bifurcated trial without the consent of the parties.

ADKISSON, C.J., and HAYS, J., join in this dissent.