John B. DALRYMPLE, Barbara DALRYMPLE, THE BASELINE CORPORATION, THE DALCO CORP., and THE OCLAD CORP. *v.* Rodney FIELDS, Earlean FIELDS and Gary ROSS

81-263                                    633 S.W.2d 362

Supreme Court of Arkansas
Opinion delivered May 24, 1982

*Jones & Petty,* for appellants.

*Baim, Baim, Gunti, Mouser & Bryant* and *Paul D. Capps,* for appellees.

JOHN I. PURTLE, Justice. Appellees, Rodney and Earlean Fields, rented an apartment from Gary Ross who had recently acquired the property from Dalrymple. A fire in the apartment destroyed the Fields' personal property and they filed suit to recover against Ross. Ross filed a third party complaint against Dalrymple and plaintiffs amended their complaint against Ross to recover punitive damages from Dalrymple. A jury awarded the Fields a judgment for $6,000 compensatory damages and $7,500 in punitive damages. They allocated the negligence of Ross at 15% and Dalrymple at 85%. The jury also awarded Ross $10,000 compensatory damages but no punitive damages against Dalrymple.

Dalrymple's motion for a new trial was denied, and this appeal results.

Appellants argue three points for reversal: (1) the trial court erred in denying appellants' motion for a directed verdict and for judgment notwithstanding the verdict; (2) the trial court erred in allowing proof of Dalrymple's financial status; and, (3) the trial court erred in allowing evidence of unrelated violations of the building code and regulations. We agree that there was no evidence to support a verdict for punitive damages and that Dalrymple's financial status was not properly in issue. Also, we agree that it was error to allow evidence of unrelated building code violations.

There seems to be no serious dispute but that a fire in the Fields' rented apartment, which was owned by Ross, resulted from defective wiring near a hot water heater which was encased in a crawl space and was unavailable for inspection by the Fields. The Fields were not at home at the time of the fire but upon returning home and discovering the fire Mrs. Fields, who was pregnant, became very upset and ill. Her baby was born slightly premature approximately a month later. There was evidence that she did have ailments and complaints related to the loss of their property in the fire. The suit was filed on October 1, 1979, by the Fields against Ross. They alleged he knew or should have known of the dangerous situation and that he had been notified that some irregularity existed concerning the hot water heater and their high electric bills. They alleged he took no action in regard to the situation. The complaint alleged that Ross breached the warranty of habitability by furnishing an unsafe dwelling place. Ross entered a general denial and filed a third party complaint against Baseline Corporation, Dalco Corporation and Oclad Corporation as well as John and Barbara Dalrymple. All parties agreed that the foregoing corporations and Dalrymple were one and the same. The complaint by Ross alleged negligence through unworkmanlike construction and improper maintenance and repairs. On February 18, 1981, the third party complaint was amended to allege that Dalrymple was guilty of gross and wanton conduct and negligence in complete disregard

to the consequences of human safety. It alleged a conscious knowledge on the part of Dalrymple. The Dalrymples entered a general denial. On March 2, 1981, the complaint of the Fields was amended to seek punitive as well as compensatory damages. Also, on the same date the Fields filed a complaint against the third party defendant in which they accused him of conduct giving rise to punitive damages.

We first consider whether the trial court erred in denying appellants' motion for a directed verdict on the issue of punitive damages and for a judgment notwithstanding the verdict on a motion for a new trial. Before punitive damages may be allowed it must be shown that in the absence of proof of malice or willfulness there was a wanton and conscious disregard for the rights and safety of others on the part of the tortfeasor. *Tucker* v. *Scarbrough*, 268 Ark. 736, 596 S.W.2d 4 (Ark. App. 1980). We have also quoted with approval prior decisions holding exemplary damages proper where there is an intentional violation of another's rights to his property. *Ford Motor Credit Co.* v. *Herring*, 267 Ark. 201, 589 S.W.2d 584 (1979). We hold the trial court erred in failing to direct a verdict as to the punitive damage portion of this case.

In viewing the record we do not find any evidence that either Dalrymple or Ross were guilty of activities which would give rise to exemplary damages. The issue in question was well-stated in the case of *Hodges* v. *Smith*, 175 Ark. 101, 293 S.W. 1023 (1927), which stated:

> ... negligence alone, however gross, is not sufficient to justify the award of punitive damages. There must be some element of wantonness or such a conscious indifference to the consequences that malice might be inferred. In other words, in order to warrant a submission of the question of punitive damages, there must be an element of willfulness or such reckless conduct on the part of the defendant as is equivalent thereto.

Appellants also insist that the court erred in allowing the plaintiffs access to Dalrymple's financial status and allowing it to be presented to the jury. One of our leading

cases on this point is *Life & Casualty Ins. Co. of Tenn.* v. *Padgett,* 241 Ark. 353, 407 S.W.2d 728 (1966). In *Padgett* we held that where two or more defendants were sued for punitive damages the plaintiff waived his right to prove the financial condition of any one of them. In the present case the appellees did not originally sue for punitive damages but through a separate pleading at a later date they sought punitive damages against Dalrymple and Ross. We reached the same result in the case of *Dunaway* v. *Troutt,* 232 Ark. 615, 339 S.W.2d 613 (1960), as well as in *Curtis* v. *Partain, Judge,* 272 Ark. 400, 614 S.W.2d 671 (1981). Therefore, it was error to allow the evidence relating to the financial worth of Dalrymple.

The plaintiffs and Ross presented evidence of several other code and ordinance violations. The ordinances, or the pertinent parts, were treated as having been introduced into evidence. However, a search of the record on appeal indicates that the ordinances or the perinent parts thereof were never introduced into the trial court's record. We have held as far back as *Pugh* v. *The City of Little Rock,* 35 Ark. 75 (1879) that parol evidence is not admissible to prove an ordinance or resolution of a city council. See also *Indemnity Ins. Company of North America* v. *Harrison,* 186 Ark. 590, 54 S.W.2d 692 (1932). These alleged violations were such things as lack of fire stops in the attic; no fire wall separating apartments; only one door to the outside from the apartment; an outside staircase and steps constructed of wood. None of these violations, or others presented during the course of the trial, had any bearing on the cause of the fire nor do they rise to that degree of manifest indifference from which malice may be inferred. We think the trial court would have erred by allowing into evidence these independent and unrelated violations even if the code or ordinances had been properly in the record. We held in *Myers* v. *Martin,* 168 Ark. 1028, 272 S.W. 856 (1925), that where the issue is one of negligence or non-negligence on the part of a person on a particular occasion, other acts of negligence are not admissible. The appellees state that the evidence of the other violations was eventually submitted to the jury by mutual agreement of all of the parties to this action. Even though the matter was submitted by agreement

of all the parties, it was after the court had overruled Dalrymple's objections to the other violations. Also, there had been a motion in limine to prevent the introduction of the other violations which had no connection with the fire. We have held that a motion in limine preserves the objection throughout the trial. *Ward* v. *State,* 272 Ark. 99, 612 S.W.2d 118 (1981).

We note appellees' objection to appellants' argument that the issue of substantial evidence was not preserved. However, ARCP Rule 50 (e) quoted by appellees states on its face that the sufficiency of the evidence is preserved when there has been a motion for a judgment notwithstanding the verdict or a motion for a new trial.

Earlean Fields claimed personal injury as a result of this incident. However, she was not injured by the fire and suffered no direct trauma or anything of that nature. We have consistently held that a claimant's right to recover for emotional distress and related injuries may be had only upon proof of the existence of willful and wanton wrong-doing on the part of the tortfeasor. *M.B.M. Co., Inc.* v. *Counce,* 268 Ark. 269, 596 S.W.2d 681 (1980). Also, AMI 1101 sets out guidelines for conduct which will give rise to punitive damages.

A review of the record indicates that the jury had ample evidence to find the appellants and Ross had breached the warranty of habitability at the Fields' rented apartment. However, we feel that by introducing evidence of Dalrymple's financial status, the jury may well have been improperly influenced in their allocation of compensatory damages. Therefore, we must remand for a new trial in accordance with this opinion.

Reversed and remanded.