## Dan WALLACE and Loc Sec KUI
## d/b/a SARG'S TRUCK STOP *v.* Albert DUSTIN

84-185                                                       681 S.W.2d 375

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*Person & Van Winkle,* by: *Gary D. Person,* for appellant.

*Eugene A. Wahl, Jr.,* for appellee.

ROBERT H. DUDLEY, Justice. The appellants, Dan Wallace and Loc Sec Kui, are the owners and operator's of Sarg's, a tavern and pool hall in Sebastian County. The appellee, Albert Dustin, was injured when appellant, Dan Walace, hit him in the back of the head with three pool cues. The facts surrounding the intentional tort are disputed but may be summarized as follows. The appellee testified that a person of the bar, Carl Fletcher, walked from the bar to the table, put his hands in his pockets, and said to the appellee "I want you." Appellee perceived a threat from Fletcher's words and actions and picked up a chair and threw it to one side of Fletcher. Appellant, Dan Wallace, who was tending bar, shouted at the two men to stop, and the potential combatants started walking toward the door. Appellant came around the bar and hit appellee on the back of the head with three pool cues. This version was corroborated by appellee's daughter.

Appellant Dan Wallace's account of the event was that he was cleaning the pool tables and picked up some pool cues to return them to the rack when he heard a crash. He turned and saw appellee throwing chairs. He came toward the appellee, who had another chair in his hand, and said "Al, put the chair down, don't do that." Appellee looked at appellant and started lifting the chair. When he did, appellant, who intended to strike him on the shoulder, hit him on the back of the head with the pool cues. Appellant Wallace contends that he was justified in taking such action because he was concerned for the safety of his other patrons. This version was corroborated by Fletcher.

The jury returned a verdict for $1,500.00 in compensatory damages and $1,500.00 in punitive damages. We affirm the judgment. Jurisdiction of this tort case is in this court pursuant to Rule 29(1) (o).

Appellants first contend that the trial court erred in failing to grant the defendant's motion for a directed verdict on punitive damages. An award of punitive damages is justified only where the evidence indicates that the defendant acted wantonly in causing the injury or with such a conscious indifference to the consequences that malice might be inferred. *Freeman* v. *Anderson,* 279 Ark. 282, 651 S.W.2d 450 (1983). "Before punitive damages may be allowed it must be shown that in the absence of proof of malice or willfulness there was a wanton and conscious disregard for the rights and safety of others on the part of the tortfeasor." *Dalrymple* v. *Fields,* 276 Ark. 185, 188, 633 S.W.2d 362, 363 (1982). Negligence alone is not sufficient to support an award of punitive damages. Id.

In reviewing the denial of a motion for directed verdict, this court looks to whether there is any substantial evidence from which the jury could possibly find for the party opposing the motion. The evidence is viewed in the light most favorable to the party opposing the motion. We will affirm if there is any substantial evidence to support the jury's findings. *Lindsey* v. *Watts,* 273 Ark. 478, 621 S.W.2d 679 (1981).

When viewed most favorably to appellee, the proof is that the appellee, in response to a provocative remark by Fletcher, began throwing chairs in Fletcher's direction. Appellant Wallace told the man to leave. Appellee was on his way out of the bar and had his back turned when Wallace struck him on the head with three pool cues. Wallace admitted hitting appellee on the shoulder and that appellee had not made any move to leave the bar.

This evidence is sufficient to go to the jury on the issue of whether appellant intentionally struck appellee with conscious indifference to the consequences and was subject to an award of punitive damages. *See Freeman, supra.* The motion for a directed verdict was properly refused, and the trial court's decision on this point is affirmed.

Appellants next contend that the jury instructions were erroneous. They argue that the jury should not have been instructed on the definition of negligence when negligence was not alleged in the complaint and was not proven. However, at trial appellants did not object to the instruction which defined negligence. A party's failure to object to an instruction at trial precludes argument here that the instruction was improper. *Baxter* v. *Grobmyer Bros. Const. Co.,* 275 Ark. 400, 631 S.W.2d 265 (1982). Appellant argues that the standard for awarding punitive damages was not set out in an instruction for the jury. Again appellants failed to object to the instruction or to proffer one of their own. This failure at trial precludes their agrument on appeal. *See Baxter, supra.* Appellants next contend that the instructions do not make it clear that the defense of justification may be used to mitigate an award of punitive damages as well as compensatory damages. Again, this argument was not raised below and will not be considered on appeal. *See Baxter, supra.*

Appellants assert in their final point that there was no substantial evidence to support the verdict for compensatory damages. Appellants point to inconsistencies in the appellee's proof and to appellant Wallace's defense of justification and argue that there is no substantial evidence to support the verdict. They argue that the state of the

evidence indicates that the jury was prejudiced against them.

This case hinges on the credibility of various witnesses' testimony. It is a well settled rule of appellate review that it is not the function of the appellate court to judge the credibility of witnesses; that is the function of the jury. *Warren* v. *State,* 272 Ark. 231, 613 S.W.2d 97 (1981). In determining the sufficiency of the evidence, the appellate court reviews the evidence and all reasonable inferences therefrom in the light most favorable to appellee. *Taylor* v. *Terry,* 279 Ark. 97, 649 S.W.2d 392 (1983). While it is true that a tavern keeper is under a duty to use reasonable care and vigilance to protect guests or patrons from reasonably foreseeable injury, mistreatment, or annoyance at the hands of other patrons, *Ind. Park Bus. Club* v. *Buck,* 252 Ark. 513, 479 S.W.2d 842 (1972), the jury could reasonably have believed that appellant Wallace went beyond "reasonable care and vigilance" when he intentionally struck appellee. Appellee suffered a cut on his head which required eighteen stitches to close; he was out of work for eight days; and there was testimony that he made $425.00 per week. Lastly, he complained of headaches and dizziness for some period of time after the incident. This evidence is sufficient to support an award of compensatory damages.

Affirmed.