SOUTH COUNTY, INC. *v.* FIRST WESTERN LOAN CO. and
John Taylor Hampton

93-553                                          871 S.W.2d 325

Supreme Court of Arkansas
Opinion delivered February 7, 1994

*Stephen M. Sharum* and *Mark E. Ford*, for appellant.

*Karr & Hutchinson*, by: *Michael Stubblefield* and *Friday, Eldredge & Clark*, by: *William A. Waddell*, for appellees.

DONALD L. CORBIN, Justice. This is the second time this case has been appealed to this court. Previously, we dismissed the appeal for lack of an appealable order. *South County, Inc.* v. *First Western Loan Co.*, 311 Ark. 501, 845 S.W.2d 3 (1993). The facts are reported in that decision and are repeated here for convenience:

> Appellant, South County Inc., was formed in July 1985, to develop the South County Project. The South County Project was to be a mixed-use development in Greenwood, Arkansas. Appellant alleges that the appellees, First Western Loan Company and John Hampton, an officer of First Western, represented in January 1986, that they would provide the financing for the development. Appellant argues that relying on this representation, it expended a lot of time and money to further the development of the project. In July of 1986, the appellees advised the appellant that they would not fund the development of the project. Appellant was unable to obtain other financing, and the project failed. The appellees contend that they never issued a loan commitment and contend that First Western's role was to help assemble the loan package and take the package to potential investors.

> In July of 1988, appellant filed suit against the appellees alleging a tort action for negligent misrepresentation and constructive fraud. Appellant also alleged a cause of action for breach of contract against First Western. Appellant sought recovery for its damages as well as punitive damages. Uerling & Associates, a creditor of the appellant, filed a motion to intervene and a complaint in intervention on November 4, 1988. In this motion, Uerling contended that the appellant was indebted to it for engineering and surveying services conducted on the project in the amount of $46,210.69. On November 8, 1988, Uerling's motion was granted without objection.

> The appellees subsequently filed a motion for summary judgment. The trial court granted a partial summary judgment on October 9, 1991, on the tort causes of action and claim for punitive damages against appellees First Western and John Hampton. This completely eliminated

appellee John Hampton from the lawsuit but left alive the appellant's contract cause of action against First Western. In the order granting partial summary judgment, the trial judge stated that under ARCP Rule 54(b) there was no just reason for delay of the appeal of this decision. However, no mention was made of Uerling's complaint in intervention. Appellant took a voluntary dismissal without prejudice of the breach of contract action against First Western, which was filed on October 31, 1991. Again, there was no dismissal of Uerling's complaint in intervention.

We dismissed the first appeal because the trial court had not considered the intervenor's claim when granting the partial summary judgment. Subsequent to our dismissal, the trial court entered an order dismissing with prejudice the intervenor's complaint and reaffirming the previous summary judgment on the issues of negligent misrepresentation, constructive fraud and punitive damages. The parties had stipulated that the breach of contract claim which was non-suited by appellants on October 31, 1991, was now statute barred. Thus, the trial court's order dismissed with prejudice the breach of contract claim. The order is now final and appealable. Appellant makes three assignments of error in the proceedings below. We find no error and affirm.

As its first point of error, appellant contends the trial court should not have granted summary judgment on the claim for negligent misrepresentation. Appellant correctly points out that Arkansas has never expressly recognized a cause of action for negligent misrepresentation. However, appellant argues that imposition of liability for negligent misrepresentation in a commercial setting currently represents the mainstream of American law, and asks this court to expressly recognize such a cause of action citing *The Restatement (Second) of Torts § 552* (1976) and cases from other states that have adopted section 552.

We decline to recognize the tort of negligent misrepresentation. Misrepresentation, also commonly referred to as deceit or fraud, has been an *intentional* tort in Arkansas for well over a century. *See e.g. Hanger* v. *Evins*, 38 Ark. 334 (1881). In *Gregory* v. *Consolidated Utilities, Inc.* 186 Ark. 406, 53 S.W.2d 854 (1932), this court observed that:

"Fraud involves the idea of intentional deception, and exists where there is misrepresentation made with intent to deceive, or with actual knowledge of its falsity. . . . Proof of a mere naked falsehood or representation is not enough even though the complaining party relied on it and sustained damages, but, in addition thereto, the false statement must have been knowingly or intentionally made."

*Id.* at 411, 53 S.W.2d at 856. The foregoing observations hold true today. We see no need to recognize a new cause of action for negligent misrepresentation.

■ We conclude the trial court did not err in granting summary judgment on the claim for negligent misrepresentation. No such cause of action exists in this state. Where no cause of action is alleged upon which relief can be granted, we need not consider whether issues of material fact existed. *Brandt* v. *St. Vincent Infirmary*, 287 Ark. 431, 701 S.W.2d 103 (1985).

Next, appellant contends the trial court should not have granted summary judgment on the claim for constructive fraud. Appellant contends that appellees had a duty to appellant arising out of a confidential relationship or a situational fiduciary relationship that existed between them. Appellant further argues this duty was breached by failing to give sound financial advice and by failing to provide or place development financing.

■ The burden in a summary judgment proceeding is on the moving party and all proof submitted must be viewed in the light most favorable to the respondent. *Pinkston* v. *Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988). Once the movant makes a prima facie showing of entitlement to judgment as a matter of law, the respondent must show a genuine issue as to a material fact. *Dillard* v. *Resolution Trust Corp.*, 308 Ark. 357, 824 S.W.2d 387 (1992). On appeal, we need only consider whether the granting of summary judgment was appropriate based on whether the evidentiary items presented left a material question of fact unanswered. *Id.*

■ While this court has described "constructive fraud" as being "based upon a breach of a legal or equitable duty which the law declares to be fraudulent because of its tendency to deceive others, regardless of the moral guilt, purpose or intent of the

fraudfeasor," *Miskimins* v. *City Nat'l Bank*, 248 Ark. 1194, 1204, 456 S.W.2d 673, 679 (1970), the breach of a fiduciary duty is not the only element, nor is it always an essential element, required to prove a case of constructive fraud. To the contrary, the test for constructive fraud, also called "legal fraud" or "fraud in law" has been defined as the making of misrepresentations by one who, not knowing whether they are true or not, asserts them to be true without knowledge of their falsity and without moral guilt or evil intent. *Cardiac Thoracic & Vascular Surgery P.A. Profit Sharing Trust* v. *Bond*, 310 Ark. 798, 840 S.W.2d 188 (1992); *Titan Oil & Gas Inc.* v. *Shipley*, 257 Ark. 278, 517 S.W.2d 210 (1974); *Lane* v. *Rachel*, 239 Ark. 400, 389 S.W.2d 621 (1965); *Evatt* v. *Hudson*, 97 Ark. 265, 133 S.W. 1023 (1911).

■ Thus, while this court has found constructive fraud to exist in cases of rescission of contracts or deeds and breaches of fiduciary duties, the fact remains that, as with the tort of fraud, the tort of constructive fraud requires that material misrepresentations of fact be made. In the present case, appellant has failed to prove that appellees made any material false statements or misrepresentations of fact. Appellant did offer numerous affidavits in response to the motion for summary judgment emphasizing the meetings between the parties and appellees' desire to participate in and profit from the South County Project. However, appellant did not offer any proof of a false statement or commitment from appellees. The deposition of Roger Beshears, one of the founders of appellant, was attached to the response to the motion for summary judgment and illustrates appellant's failure of proof. Roger Beshears stated that appellees did not say, "We commit to provide financing," but instead indicated appellees stated they could get appellant some financing. Such a statement amounts only to "puffing" of appellees' ability to provide financing, not a commitment to do so nor a representation that it would do so. Assuming arguendo that the statements were commitments to provide financing, they would only be promises of future conduct in a contractual setting and not misrepresentation that give rise to fraudulent conduct. In *P.A.M. Transport, Inc.* v. *Arkansas Blue Cross & Blue Shield*, 315 Ark. 234, 868 S.W.2d 33 (1993), we said:

> In the context of negotiating a contract, a misrepresentation sufficient to form the basis of a deceit action may

be made by one prospective party to another and must relate to a past event, or a present circumstance, but not a future event. "An assertion limited to a future event may be a promise that imposes liability for breach of contract or a mere prediction that does not, but it is not a misrepresentation as to that event."

*Id.* at 240, 868 S.W.2d at 38 (citations omitted).

■ Appellant did not meet its burden of establishing that appellees made any misrepresentations that would give rise to a cause of action for constructive fraud. Therefore appellant did not rebut appellees' prima facie establishment of entitlement to summary judgment with proof of issues of material fact. We cannot say the trial court erred in granting appellees judgment as a matter of law on the constructive fraud claim.

■ Lastly, appellant contends the trial court erred in granting summary judgment on its claim for punitive damages. Punitive damages may be awarded when a tortfeasor has acted with malice, intent to cause injury, or with conscious indifference such that malice could be inferred. *Wallace* v. *Dustin*, 284 Ark. 318, 681 S.W.2d 375 (1984). Our affirmance of the summary judgment on the two claims asserted renders this point moot. If appellees have not committed any tort and are not liable to appellant in any way, appellant has no claim for punitive damages.

The order granting summary judgment is affirmed.