# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1465

_____

| | | |
|---|---|---|
| Unleashed Innovations, Inc., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Deltic Timber Corporation, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 12, 2003

Filed: November 12, 2003

_____

Before WOLLMAN, HEANEY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Unleashed Innovations, Inc. (ULI) appeals from the district court's[1] order granting summary judgment to Deltic Timber Corporation (Deltic). ULI asserts that the district court improperly weighed the evidence and that it failed to properly apply Arkansas law regarding constructive fraud. We affirm.

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

**I.**

ULI initiated negotiations with Deltic in November 1999 for the purchase of 166 acres of land in West Pulaski County, Arkansas. Both parties knew that it was important to ULI that the property have access to city water. Prior to the December 13, 1999, closing date, Deltic promised that ULI could tie on to its water lines free of charge and granted the easements necessary to install water lines across Deltic's property. ULI knew that it also needed city approval to guarantee access to city water. Because the property was in an established water district, ULI believed that Little Rock would quickly approve its tie-on application. In the summer of 2000, however, Little Rock unexpectedly imposed restrictions on tie-ons because of water shortages and thus denied ULI's application, with the result that ULI could not develop the property as planned.

ULI then filed this action in district court, asserting that it had relied on Deltic's promise that water would be available. Deltic filed a motion for summary judgment, stating that it made no misrepresentations in negotiations and could not be held liable for actions by the water district subsequent to the formation of the contract.

**II.**

We review de novo a grant of summary judgment. Evergreen Invs., LLC v. FCL Graphics, Inc., 334 F.3d 750, 753 (8th Cir. 2003). Summary judgment is proper if, after viewing the evidence and construing it in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(a). After the moving party carries its burden of showing there is no genuine issue of material fact, the nonmoving party has the burden of providing specific facts to demonstrate that there are genuine issues of fact such that a rational trier of fact could find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Because this is a diversity case, we also review de novo the district

court's application of state law. <u>Evergreen</u>, 334 F.3d at 753. Construing the facts in a light most favorable to ULI, we conclude that the district court properly found that ULI could not reasonably establish that Deltic committed constructive fraud under Arkansas law.

The Arkansas Supreme court has defined the elements of constructive fraud as: "(1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." <u>Farm Bureau Policy Holders & Members v. Farm Bureau Mut. Ins. Co.</u>, 984 S.W.2d 6, 14 (Ark. 1998). A claim for constructive fraud, unlike actual fraud, may lie even if the misrepresentation was not intentionally false. <u>See Yarborough v. DeVilbiss Air Power, Inc.</u>, 321 F.3d 728, 730 (8th Cir. 2003) (constructive fraud does not require proof of scienter). The tort recognizes a duty in certain situations not to make comments or promises that have a tendency to deceive others, regardless of motive. <u>South County, Inc. v. First W. Loan Co.</u>, 871 S.W.2d 325, 327 (Ark. 1994). A charge of constructive fraud "must be sustained by clear, strong and satisfactory proof." <u>Knight v. Day</u>, 36 S.W.3d 300, 303 (Ark. 2001).

ULI submitted no evidence to support the first element of a constructive fraud claim. Deltic promised to do everything in its power to facilitate ULI's water access, including free tie-ons and easements, and it did not renege on those promises. ULI and Deltic both knew, and Deltic never misrepresented, that the city ultimately controlled the water flow and distribution throughout the city. ULI failed to provide counter-evidence establishing a material issue of fact whether Deltic guaranteed water availability or knew that a water shortage would likely prevent access.

The judgment is affirmed.

_____