Ruby J. YEAKLEY, Individually and as Mother and Next Friend of the Minor Children, Nick Yeakley and Zack Yeakley *v.* Robert E. DOSS

06-851                                                   257 S.W.3d 895

Supreme Court of Arkansas
Opinion delivered May 31, 2007

[Rehearing denied September 6, 2007.]

---

*Osborne & Baker*, by: *Ken Osborne*, for appellants.

*Brian Wood*, for appellee.

DONALD L. CORBIN, Justice. Appellant Ruby J. Yeakley appeals from a jury verdict awarding her compensatory damages but denying her punitive damages in a negligence claim against Appellee Robert E. Doss. On appeal, Yeakley argues that the trial court abused its discretion in granting Doss's motion in limine to prevent her from introducing evidence of Doss's three convictions for driving while intoxicated. Doss counters that the trial court is given broad discretion in admitting or excluding evidence and did not abuse that discretion in the instant case. This case was certified to us from the Arkansas Court of Appeals as involving an issue of substantial public interest.[1] As this case involves both an issue of first impression and one of substantial public interest, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and (4). We reverse and remand.

The record reflects that on January 18, 2004, Yeakley was driving a car west on Walnut Street in Rogers, Arkansas. Also in the car were Yeakley's minor sons, Nick and Zack. Doss pulled out

---

[1] The court of appeals certified this case to us for resolution of the question of "whether evidence of prior instances of driving while intoxicated is more probative than unfairly prejudicial where a plaintiff seeks to recover punitive damages[.]" As will be explained, this question is premature, as the trial court's ruling was limited solely to a determination that the evidence was not relevant.

of a parking lot into the path of Yeakley's vehicle, and the two vehicles collided. Police were called to the scene of the accident, and in the course of the investigation, Rogers Police Officer Eddie Weimer detected the smell of alcohol on Doss. Doss was subsequently charged with driving while intoxicated and pleaded guilty to the charge. It was Doss's third DWI conviction.

Yeakley filed suit against Doss, on her own behalf, as well as in her parental capacity on behalf of her sons, Nick and Zack. In her complaint, Yeakley alleged a claim for negligence. She sought both compensatory and punitive damages, as well as an award of attorney's fees. She also claimed therein that Doss's action of driving while intoxicated constituted "a reckless disregard for the safety of others and from which malice could be inferred."

Prior to trial, Yeakley indicated that she planned to introduce evidence of Doss's three convictions for driving while intoxicated. In response, Doss amended his answer and admitted to being intoxicated at the time of the accident with Yeakley. Doss then sought to have any evidence related to his DWI convictions excluded from the trial on the basis that such evidence was not relevant and that any probative value would be outweighed by the evidence's prejudicial effect. At a pretrial hearing held on April 6, 2006, the trial court, which voiced concern about the evidence's admissibility under Ark. R. Evid. 403, ordered the parties to submit briefs on the issue of whether the prior convictions were admissible. The trial court also granted Doss's motion to bifurcate the trial, pending its decision on the admissibility of the DWI convictions.

A jury trial was held on April 17, 2006. Prior to Yeakley's presentation of evidence, the jury was excused, and Yeakley proffered Doss's DWI convictions. The trial court stated that he previously ruled that the evidence was not relevant and therefore not admissible.[2] The trial court further noted that the evidence lacked relevancy in light of the fact that Doss admitted fault in causing the accident and stipulated to the fact that he was legally intoxicated at the time of the accident. Following the presentation of evidence, the jury returned a verdict awarding Yeakley and her

---

[2] Although the trial court intimates that he previously ruled on the motion in limine, there is no such ruling in the record. It appears that the trial court's ruling actually took place at trial when counsel for Yeakley proffered the DWI convictions.

son Nick $5,000 each and Zack $1,000 in compensatory damages. The jury also determined that punitive damages were not warranted. This appeal followed.

On appeal, Yeakley argues that it was error for the trial court to grant Doss's motion in limine thereby precluding her from introducing evidence of Doss's convictions for DWI. According to Yeakley, the DWI convictions were probative of Doss's habit of driving while intoxicated and that their probative value was greater than any prejudicial effect caused by introducing the convictions. Doss counters that the evidence was properly excluded. He asserts that the evidence was irrelevant and unfairly prejudicial and that the trial court is granted wide discretion in excluding such evidence. Moreover, Doss argues that the jury declined to award punitive damages in this case despite having knowledge that Doss pled guilty to a DWI charge in connection with this accident. Thus, according to Doss, the jury properly determined that this was simply a motor-vehicle accident with no proof that Doss's conduct warranted an award of punitive damages. Finally, Doss argues that Yeakley's argument that the evidence of the prior convictions established a habit of drinking and driving is irrelevant, because he admitted liability in this case and that three instances of driving while intoxicated does not rise to the level of habit.

Before addressing the specific merits of Yeakley's argument, it must be noted that Yeakley erroneously states that the trial court excluded the evidence at issue after making "a Rule 403 determination that the probative value was outweighed by the prejudicial effect of allowing in multiple DWI convictions." Yeakley then sets forth an analysis that presupposes that the convictions were relevant evidence and argues that they were more probative than prejudicial. Yeakley's assertion regarding the Rule 403 ruling is not challenged by Appellee, who briefly discusses relevancy, but also argues that the convictions were more prejudicial than probative. A review of the trial court's ruling reveals, however, that the trial court never engaged in a Rule 403 analysis; rather, the trial court simply ruled that the evidence of the DWI convictions was not relevant in light of the fact that Doss admitted to being at fault and admitted to being intoxicated. In fact, at the April 6 pretrial hearing, the trial court in considering the argument of counsel for both parties as to the admissibility of the DWI convictions, noted:

THE COURT: Well, it's not a bad argument. The thing I am running into is my concern of what 403 balancing here. This is his third DWI. They are going to throw the book at him.

. . . .

That's my biggest concern, I mean, and I am supposed to do that balancing. I agree with you, why should — why shouldn't there be a distinction between a guy that's DWI first in his life versus somebody who habitually drives drunk and you've got two other convictions, why couldn't you get into those? Why not. You should. As far as punishing behavior, you know, we always look around and say, hey, maybe driving drunk the first time maybe he didn't know, maybe your judgment — maybe you didn't realize how bad off. When they start getting second and third, we uh-uh, you knew what you were doing or you shouldn't have been behind the wheel, and we're going to hammer you, enhance it.

. . . .

Well, you might — you might reach out and see if both of you can find any case law from adjoining states. Maybe it's a case of first impression and maybe it will go up. But, I'm going to approach it carefully and with hesitation because of my immediate recognition if it comes in they are going to hammer Brian's client. … So I invite briefs from either one of you. And if you can't find anything in Arkansas, you can go to other states or you can just reduce your argument to writing and give me a chance to dwell on it because it is a pretty interesting issue.

. . . .

I'm going to grant your motion to bifurcate for now, and I will give you leave to withdraw it once I get off the fence and make a decision on this. I'm going to ask for briefs on this. If you can — and you don't even

have to do anything if you can't find anything but somewhere some state's looked at this surely.

Clearly, the trial court reserved ruling on the issue of the admissibility of the convictions. Then, once the trial court did issue a ruling at trial, its ruling was limited to the issue of relevancy. At trial, when Yeakley proffered the DWI convictions, the trial court stated:

> THE COURT: Well, I have ruled that because of — particularly in light of the fact it is stipulated that Mr. Doss was at fault in causing this accident and it's stipulated he was legally intoxicated, in fact, he was convicted, I have made the ruling that the, uh, it is not relevant as far as the previous DWI convictions.

As the trial court determined that the DWI convictions were not relevant, it was not necessary to engage in a Rule 403 analysis. Accordingly, our review on appeal is limited to the issue of whether the trial court abused its discretion in granting Doss's motion in limine on the basis that the evidence was not relevant.[3]

We now turn to the issue of whether the evidence of Doss's DWI convictions was relevant to Yeakley's claim for punitive damages. Pursuant to Rule 401:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402 provides that irrelevant evidence is inadmissible. In discussing our standard of review for evidentiary rulings, we have said that trial courts have broad discretion and that a trial court's ruling on the admissibility of evidence will not be reversed absent an abuse of that discretion. *Owens v. State*, 363 Ark. 413, 214 S.W.3d 849 (2005).

---

[3] The dissent opines that this court is improperly considering the merits of this appeal based on a hyper-technical review of Yeakley's brief. According to the dissent, this court is making Yeakley's argument for her. This is simply inaccurate. While Yeakley incorrectly characterizes the basis for the trial court's ruling, her brief sets forth an analysis of why the evidence was admissible and why the trial court erred in ruling to the contrary. Likewise, Doss argues that the evidence was irrelevant and therefore inadmissible. As such, the issue of whether the trial court abused its discretion in granting the motion in limine is properly before this court.

The standard for awarding punitive damages is set forth in Ark. Code Ann. § 16-55-206 (Repl. 2005), which provides in relevant part:

> In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:
>
> (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred[.]

In determining whether there is sufficient evidence to support an award of punitive damages in a negligence case, we have recognized that:

> [A]n award of punitive damages is justified only where the evidence indicates that the defendant acted wantonly in causing the injury or with such a conscious indifference to the consequences that malice may be inferred. In other words, in order to superadd this element of damages by way of punishment, it must appear that the negligent party knew, or had reason to believe, that his act of negligence was about to inflict injury, and that he continued in his course with a conscious indifference to the consequences, from which malice may be inferred. In order to warrant a submission of the question of punitive damages, there must be an element of willfulness or such reckless conduct on the part of the defendant as is equivalent thereto.

*D'Arbonne Constr. Co., Inc. v. Foster*, 354 Ark. 304, 308, 123 S.W.3d 894, 898 (2003) (citations omitted). In other words, punitive damages may be awarded when a tortfeasor has acted with malice, intent to cause injury, or with conscious indifference such that malice could be inferred. *South County, Inc. v. First Western Loan Co.*, 315 Ark. 722, 871 S.W.2d 325 (1994); *Wallace v. Dustin*, 284 Ark. 318, 681 S.W.2d 375 (1984). In law, malice is not necessarily personal hate; it is, rather, an intent and disposition to do a wrongful act greatly injurious to another. *Fegans v. Norris*, 351 Ark. 200, 89 S.W.3d 919 (2002).

Thus, the question facing this court is whether the evidence of Doss's DWI convictions is relevant to the allegation that he acted with the knowledge that his conduct of driving while

intoxicated could result in injury and that he continued that conduct in reckless disregard of the consequence from which malice could be inferred. In other words, our analysis necessarily focuses on the issue of whether Doss's DWI convictions are relevant to a determination that he acted willfully or with such reckless conduct in driving while intoxicated to support an award of punitive damages. *See Dalrymple v. Fields*, 276 Ark. 185, 633 S.W.2d 362 (1982) (holding that in order to warrant a submission of the question of punitive damages, there must be an element of willfulness or such reckless conduct on the part of the defendant as is equivalent thereto). This is an issue of first impression in this state.

Yeakley admits that there is no case law directly on point to support her contention that Doss's DWI convictions should have been admitted into evidence. She argues, however, that our decisions in *Ray v. Mays*, 242 Ark. 79, 411 S.W.2d 865 (1967), and *Rook v. Moseley*, 236 Ark. 290, 365 S.W.2d 718 (1963), should be extended to allow the admission of the convictions in the instant case. In those cases, both of which involved allegations of negligent entrustment, this court noted that it permits proof of the habit of driving while intoxicated. Thus, according to Yeakley, she should have been allowed to introduce evidence that Doss has a habit of driving while intoxicated, as evidenced by his convictions for DWI. Both *Ray* and *Rook* are clearly distinguishable as neither involves an issue of the relevancy of prior convictions on the issue of punitive damages; thus, these cases are of little precedential value to the case at hand.

Nevertheless, in looking at the issue of relevancy, we are mindful that this court has repeatedly stated that for evidence to be relevant, it is not required that the evidence prove the entire case; rather, all that is required is that it have any tendency to make any fact that is of consequence to the determination of the action more or less probable. *Chapman v. Ford Motor Co.*, 368 Ark. 328, 245 S.W.3d 123 (2006) (holding that reports were relevant and thus admissible on issue of punitive damages to establish that the appellee acted without malice). *See also House v. Volunteer Transp., Inc.*, 365 Ark. 11, 223 S.W.3d 798 (2006); *Wal-Mart Stores, Inc. v. Londagin*, 344 Ark. 26, 37 S.W.3d 620 (2001). This court has held that a trial court's ruling on relevancy is entitled to great weight and will not be reversed absent an abuse of discretion. *Id.*

As in *Chapman*, 368 Ark. 328, 245 S.W.3d 123, the evidence of Doss's DWI convictions is relevant to the issue of

punitive damages in the instant case. Specifically, the evidence of his convictions is relevant to the question of whether he knowingly drove in an intoxicated state in conscious disregard to the fact that his actions could result in injury, an element that Yeakley was required to prove for an award of punitive damages. Doss's argument that this was simply an automobile negligence case, as evidenced by the fact that the jury declined to award punitives despite knowing that Doss pled guilty to DWI in connection with this accident, is not persuasive. Evidence that Doss was intoxicated in this one instance versus evidence that this was in fact his third conviction for DWI could certainly impact a jury's ability to award punitive damages. Accordingly, the trial court abused its discretion in granting Doss's motion in limine and excluding the evidence of Doss's DWI convictions.

Reversed and remanded.

GLAZE, J., concurs.

HANNAH, C.J., and GUNTER, J., dissent.

TOM GLAZE, Justice, concurring. Upon remand, should the court conclude that the prior convictions are admissible pursuant to Ark. R. Evid. 403, it would be necessary to bifurcate the punitive-damages phase of the trial pursuant to Ark. R. Civ. P. 42(b) (2007). Rule 42(b) states:

> (b) *Separate Trials.* The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claims, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims counterclaims, third-party claims, or issues.

The purpose of this rule is to further convenience, avoid delay and prejudice, and serve the needs of justice, and the primary concern is efficient judicial administration, rather than the wishes of the parties, as long as no party suffers prejudice by the bifurcation. *See Hunter v. McDaniel Constr. Co.*, 274 Ark. 178, 623 S.W.2d 196 (1981). Bifurcating the punitive-damages phase would eliminate the circuit court's stated prejudice concern, and it would ensure fairness to both parties.

JIM HANNAH, Chief Justice, dissenting. I must respectfully dissent. Appellants present one issue to this court, whether the trial court erred in ruling that the probative value of Robert E.

Doss's prior driving while intoxicated convictions was substantially outweighed by the danger of unfair prejudice. Appellants failed to obtain a ruling on this issue in the circuit court, and the majority correctly declined to consider the issue on appeal. The failure to obtain a ruling is a procedural bar to consideration of the issue on appeal. *Nameloc, Inc. v. Jack, Lyon & Jones, P.A.*, 362 Ark. 175, 208 S.W.3d 129 (2005). However, the majority instead considers and decides the appeal on whether the circuit court erred in ruling that the prior convictions were not relevant. This issue was not raised by the appellants on appeal. It is a well-settled principle of appellate law that we will not raise an issue sua sponte unless it involves the jurisdiction of this court to hear the case. *Arkansas Dep't of Human Servs. v. Schroder*, 353 Ark. 885, 122 S.W.3d 10 (2003).

Further, even if the appellants had raised the issue on appeal, we will not make a party's argument for him or her as the majority has done in this case. *Id.* This case should be affirmed.

GUNTER, J., joins.